JUDGE HINES
delivered the opinion of the court.
The appellant and John H. Biggs were indicted for robbery charged to have been committed by taking certain articles of personal property from a dwelling-house, by putting, the wife of the proprietor in fear. The appellant was found guilty, and his punishment fixed at two years and six months confinement in the penitentiary.
The first error complained of was the action of the court in overruling a demurrer to the indictment; and the second was *235 in overruling a motion in arrest of judgment. The only ground hpon which a motion’ in arrest of judgment can be sustained is that the facts stated in the indictment do not constitute a public offense within the jurisdiction of the court.
The language of the statute with reference to which the indictment appears to have been drawn is as follows: “ If any person . . . shall rob any person in his dwelling-house or place, or in any booth or tent in a fair or market, he, his wife, children, or servants, or other persons then being within, . . . he shall be confined in the penitentiary not less than two nor more than ten. years.” (Gen. Stat., sec. 4, art. 5, chap. 29.)
The offense thus provided for by the statute partakes of the nature of both robbery and larceny, and in order to render an indictment good, the constituent elements of both offenses must, to a certain extent, be charged; and among the essentials is that of the intention to deprive the owner of his property, and to permanently convert it to the use of the taker. The indictment, after stating that the accused did “ unlawfully and feloniously commit a robbery,” states the circumstances of the taking of the property in detail, so as to make out the offense described in the statute, except that it is not charged that the taking was with the intention to deprive the owner of his property, or to convert it to the use of the accused. Without the imputation of such an intention the offense described is simply a trespass. To render an indictment good by following the language of the statute it must contain a statement of every fact necessary to constitute the offense. The offense, as stated in the statute, must be complete in itself. Such is not the case in this instance.
Appellant complains of the granting of the following instruction : “Although defendant, if present at the time of the alleged robbery, may not have entered the house, yet if he was sufficiently near, with a felonious intent, to render aid and *236 assistance to the parties who did enter, if needed, he is in law a principal in the commission of the offense.”
The objection to this instruction is based upon the authority of Stamper v. Commonwealth, 7 Bush, 612. The indictment in that case was under section 2, article 6, chapter 28 of the Revised Statutes, which is as follows: “ If any person shall willfully and maliciously shoot at and wound another, with an intention to kill him, so that he does not die thereby, . . . he shall be confined in the penitentiary not less than one nor more than five years.” The instruction complained of in that case, in substance, told the jury that a person, though not actually guilty of the offense himself, if he was present aiding and abetting in its commission, could be convicted as a principal.”
This court held this to be error, and used the following language: “As a general rule, where a statute creates a felony, and prescribes a particular punishment therefor, or where a statute provides a punishment for a common-law felony by name, those who were present, aiding and abetting in the commission of the crime, are held to be included by the statute, although not mentioned as such in the statute. But where, as in this case, the punishment is imposed by the statute upon the jperson alone who actually committed the acts constituting the offense, and not in general terms upon those who were guilty of the offense, according to common-law rules mere aiders and abettors will not be deemed to be within the act.”
This construction of that section has received legislative sanction in the General Statutes, wherein it is expressly provided that any one aiding or abetting in the commission of the offense mentioned in that section, shall also be punished by a fine not exceeding $500, or confinement in jail not less than six nor more than twelve months, or both, in the discretion of the jury.
It may be said that the failure of the legislature to make *237 any such provision for the punishment of those who aid and abet in the commission of the crime mentioned in the section under which the indictment now being considered was found, manifests an intention to adopt the construction in Stamper v. Commonwealth as applicable to this section. The more reasonable conclusion, as it appears to us, is that the intention was to harmonize the statute against malicious shooting with the judicial interpretation, an interpretation that the unaided import of its language would not justify, and to leave the statute, now being considered, to the construction given to it by the court below, which is more consistent with its language and the general rule for the construction of such statutes. We are therefore of the opinión that, in this respect, the instruction was properly given, but it should have been modified so as to inform the jury that the accused should not be convicted as an aider or abettor unless the felonious intent was to render assistance in aid of the offense charged.
It results, from this conclusion, that there was no error in rejecting the eighth instruction asked for by appellant, as it presented the converse of the proposition here stated.
We approve of the criticism of counsel on the fifth instruction in reference to reasonable doubt, and believe the safest rule is to employ in such instructions the language of the Criminal Code.
Wherefore the judgment is reversed, and cause remanded with direction for further proceedings consistent with this opinion.