## George Smith *v.* Commonwealth.

**Criminal Laws—Indictment.**

    An indictment for housebreaking with intent to steal is not good against a demurrer when it fails to charge the breaking with intent to steal therefrom any named article of value, the property of another. It is not sufficient to charge the breaking with intent to steal.

**Confession as Evidence.**

    A confession in a criminal case obtained by the hope of immunity from punishment held out to the accused is not admissible as evidence against him.

APPEAL FROM BOURBON CIRCUIT COURT.

March 13, 1879.

Opinion by Judge Hines:

We are of the opinion that the indictment does not charge a public offense either at common law or under the statute. It is not

good under Sec. 4, Art. 5, Chap. 29, General Statutes, because there is no charge of feloniously taking from the premises broken into the specific property of a named individual. It requires both a felonious breaking and a felonious taking of the property of another to constitute the offense. It is equally clear that the indictment is not good under the 4th section, Art. 6, Chap. 29. There is no charge of breaking the house with intent to steal therefrom any named thing of value, the property of another. See *Ward v. Commonwealth,* 14 Bush 233.

The statement of the witness, Kelly, as to what appellant said in regard to taking the flour, was incompetent, and should therefore have been taken from the jury on motion of appellant's counsel. The witness does not pretend to state even the substance of all that appellee said in the conversation and in reference to the taking. But if that were the case and it conclusively appeared that the accused said nothing more than was detailed by the witness, still the statement should have been rejected, because it was evidently obtained by the hope of immunity from punishment held out by the witness. It is incredible that the witness should remember so distinctly the inculpatory statement of appellant and yet not be able to remember whether he held out a specified inducement to appellant in order to secure the confession. The answers of the witness on cross-examination are equivalent to an affirmative statement that he did hold out the inducement indicated, and as the court, and not the jury, should pass upon a question of the competency of evidence, there was error in not rejecting the whole of the pretended confession.

These conclusions render it unnecessary to pass upon the other questions suggested by counsel for appellant. Wherefore the judgment is *reversed* and cause remanded with directions for further proceedings consistent with this opinion.

*Charles Offutt, for appellant. Moss, for appellee.*