Case 109—INDICTMENT—June 14.

# Whittaker v. Commonwealth.

APPEAL FROM OHIO CIRCUIT COURT.

Incest—Accomplice. — Under an indictment for incest alleged to have been committed by the defendant with his daughter the jury were authorized to convict upon the testimony of the daughter alone, as she can not be regarded as an accomplice.

E. D. GUFFY for appellant.

The daughter of defendant was an accomplice, and a conviction can not be had upon her testimony alone. (Criminal Code, secs. 241 and 242; Gen. Stats., chap. 29, art. 4, sec. 13; Miller v. Commonwealth, 78 Ky., 15.)

W. J. HENDRICK, Attorney-General, for appellee.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The appellant was indicted, tried and convicted for the crime of incest.

He denied his guilt, and his conviction was secured on the testimony alone of his minor daughter, the alleged victim of his lust. There was no testimony in corroboration of the daughter's, and for this reason it is insisted that the jury should have been told to acquit.

They were in effect told that they might infer the consent of the daughter to the carnal knowledge of the father, from its long continuance without complaint from her, and that if there was such consent, then the daughter was an accomplice, and they could not convict on her testimony alone, unless they believed such conviction or carnal knowledge was had by the undue influence of the accused.

This instruction was more favorable to the appellant than he was entitled to. There could be no such consent as

to affect in any way the guilt of the accused.   The crime was committed against the daughter.   She was not the accomplice, but the victim of her father.   If another had aided the father in the accomplishment of his purpose he would have been an accomplice, but not so with the daughter.   She might have committed a crime also; indeed, did commit one, unless she is guilty of perjury, but it was not the same crime that the father committed. Their crimes are separable under the statute.

Judgment affirmed.