## Craig v. Commonwealth.

(Decided January 14, 1921.)

### Appeal from Jefferson Circuit Court (Criminal Division).

Incest—Relationship and Knowledge—Evidence.—A charge of incest against a father, committed with his daughter, may be upheld and a conviction sustained upon the evidence of the daughter alone, she not being an accomplice; but in this case there were corroborating circumstances. (Whittaker v. Com., 95 Ky. 632.)

CLEM W. HUGGINS for appellant.

CHAS. I. DAWSON, Attorney General, THOS. B. McGREGOR, Assistant Attorney General, and JOSEPH M. HUFFAKER, Commonwealth's Attorney, for appellee

Opinion of the Court by Turner, Commissioner—
Affirming.

The appellant was indicted, tried and convicted of
incest under section 1219, Kentucky Statutes.

He prosecutes this appeal solely upon the ground
that the evidence was of a flimsy and uncertain char-
acter and did not, therefore, authorize the conviction,
and because such evidence was procured from the chief
prosecuting witness by leading questions, and by a pro-
cess of sweating or questioning while under arrest both
by police officers of the city of Louisville and federal
officials.

As to the sweating charge, it is sufficient to say that
there is no evidence to sustain it, the prosecuting wit-
ness stating that her statements to the officials were
voluntarily made.

As to the leading questions, her main examination
wherein she gave positive and direct evidence against
her father discloses that not only were the questions
propounded free from any objectionable leading, but in
so far as this direct evidence was concerned no objection
was made to them.

The claim that the testimony was of flimsy and un-
certain character involves a short statement of that evi-
dence, and it is as follows, to-wit: that the appellant
was in his forty-second year and the prosecuting witness
little short of seventeen; that he had been married and
had lived in or near Pittsburg until about six years be-
fore the trial, at which time his wife died and left him
with this one child, a daughter, who is the prosecuting
witness; that since then he had lived at numerous places
and was engaged in the occupation of cook or chef; that
his daughter had lived at stated times with her two
aunts, his sisters, at Wheeling, W. Va., and Indianapolis,
Ind., and had for some three years of the six lived with
her aunt, her mother's sister, at East Liverpool, Ohio;
that the daughter was unruly and could not get along
with her aunts, or some of them, and about September,
1919, he and the daughter came to Louisville to live;
that he first rented a room wherein there were two beds,
and the daughter was supposed to occupy one and he
the other, but that subsequently they moved to another
room wherein there was only one bed, and at which lat-

ter place he was arrested, the two at the time being in bed together.

The daughter in her evidence says that while they were occupying the room wherein there were two beds he commanded her one night to come to his bed and that she did so under protest, and that he then and there had intercourse with her, but only once since they had been in Louisville.

A woman physician testifies that she had examined the girl and that her hymen had been completely ruptured in such manner as to indicate that she had had intercourse with a man.

The father testifies denying specifically that he had ever had intercourse with the girl and explaining that he occupied the same room with her for two reasons; first, because he was unable because of his poverty to engage or pay for more than one room; and, second, because he was apprehensive as to the girl's conduct and desired to be as near to her as possible so that he might overlook and carefully watch her.

With the positive statement of the girl, the fact that they were found in bed together by the officers, and the additional fact that her hymen had been completely ruptured, it would seem to be a waste of words to discuss the question whether the jury, if believing the Commonwealth's evidence, were not fully authorized to find a verdict of guilty.

It has been held in this state that a conviction for incest may be had against a father upon the testimony of the daughter alone, she not being an accomplice: Whittaker v. Com., 95 Ky. 632. In this case there was not only the direct statement of the daughter but the corroborating circumstances above referred to.

Judgment affirmed.