## Commonwealth v. Stites.

(Decided February 8, 1921.)

### Appeal from Ohio Circuit Court.

1. Criminal Law—Defendant Charged With Different Offenses—Election.—A defendant who is chargeable with several different acts any one of which, if proven, would sustain a conviction of the crime charged in the indictment, can be tried for only one of the acts at a time, though proof of other acts in corroboration of the act relied upon for a conviction may be heard, and the Commonwealth's attorney should be required to elect which act he will rely upon for a conviction, and if he fails so to do the law makes the election for the Commonwealth of the act of which substantive evidence is first introduced.

2. Criminal Law—Accomplices.—A child 13 years old who is under the domination of her father and who permits or acquiesces in the commission of a crime out of fear of her father and against her will, is not an accomplice of her father in the commission of the crime though she participated in it.

3. Criminal Law—Confession.—A confession of the defendant made out of court is insufficient in the absence of other proof of the commission of the crime to sustain a conviction.

4. Criminal · Law—Reasonable Doubt—Instructions.—In giving an instruction on reasonable doubt in criminal cases the trial court should follow closely the language of section 238, Criminal Code, and should not enlarge thereon by saying the law presumes the innocence of the defendant and that it is the duty of the jury, if it can reasonably do so, to reconcile all of the facts and circum-

stances of the case with that presumption, for this comes more properly in the argument of counsel.

CHARLES I. DAWSON, Attorney General, and C. E. SMITH for appellant.

M. L. HEAVRIN for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Certifying the law.

In order to obtain a certification of the law of this case the Attorney General of the State and Commonwealth attorney of the 6th Judicial District have prosecuted this appeal from a judgment of acquittal entered on a verdict in the Ohio circuit court. Stites, who was indicted on the evidence of his daughter for the crime of incest, being put upon trial was acquitted, although the evidence against him seems to have been overwhelming.

The attorneys for the Commonwealth complain of several alleged errors of the trial court, among them being, (1) Unwarranted and incorrect instructions, (2) Admission of incompetent evidence for the defendant, and rejection of competent evidence offered in behalf of the Commonwealth.

The prosecuting witness, Pearl Stites, was but 13 years of age at the time she testified. She testified that her father, the appellee, began to have carnal knowledge of her some two or three years before the trial, and that on divers days, and especially on a certain occasion near a tobacco patch, he compelled her to submit to his sexual desires and that her sister Mable, older and now married, was present and witnessed the revolting sight. She was sustained fully by the evidence of the sister, who says she saw her father compel the child to submit to him at least five different times on different days at the tobacco patch, but that she was not at the patch every day that the father and Pearl worked there and could not tell about other occasions of which the little daughter testified. Other witnesses gave evidence tending to establish the guilt of appellee, one saying that Stites had, while denying a recent charge of intercourse with his daughter, admitted that he had on former occasions yielded to his baser passions and had committed the crime; another saying that an examination of the vagina of the little girl shortly after the alleged intercourse disclosed that the organ

was open and developed as that of a woman who regularly cohabited with a man. The facts are as loathsome and revolting as ever read by a court.

The trial court followed the usual instructions to the jury on the crime of incest, with one which reads as follows:

"In considering the question of the guilt of the defendant of the alleged acts of sexual intercourse with the witness, Pearl Stites, you will only consider the first time in July, mentioned by said witness as having occurred at the time when her sister, Mable Fulkerson, was not present, and you will only consider the proof of the other acts of sexual intercourse, testified to by her or by the witness, Mable Fulkerson, for the purpose of corroborating the evidence introduced to prove the guilt of defendant of the first act to which Pearl Stites testified as having occurred in July, when her sister was not present, if it does so corroborate her evidence, and for no other purpose."

This instruction the Commonwealth insists was erroneous, for as the court had required it to elect which of the alleged incestuous acts it would rely upon for a conviction and it had elected to rely upon an act committed at the tobacco patch in July, 1919, and had introduced the prosecuting witness by whom it was proven that her father compelled her to submit to him and to allow him to have carnal knowledge of her in July of that year, at the tobacco patch, when her sister Mable was present and witnessed the occurence, it was improper for the court by this instruction to elect to try appellee for another and different act when the sister Mable was not present.

The generally accepted rule is that where the defendant is chargeable with the commission of several different acts any one of which, if proven, would sustain a conviction under the indictment, the attorney for the Commonwealth should elect, before introducing witnesses, upon which act he will rely for a conviction, and where he does so he is bound during that trial by the election, even though he may be permitted to prove other sexual acts of the defendant, in corroboration of the evidence of the crime charged, but if the attorney for the Commonwealth fail to make such election, and proceeds to the introduction of evidence, the law will make an election for him of the act of which he first in-

troduced evidence, and he will be bound to look to that act as the principal act upon which to have a conviction. When the attorney calls a witness and introduces evidence of an act which might be the basis of the charge in the indictment he makes the act so first proven in evidence, the election of the Commonwealth. Newsom v. Commonwealth, 145, Ky. 627; Gravitt v. Commonwealth, 184 Ky. 429. In the case of McCreary v. Commonwealth, 163 Ky. 209, we stated the rule in this language:

"The court also admonished the jury that it could consider the proof of other acts of sexual intercourse given in the evidence, and subsequent to the first one, only for the purpose of corroborating the evidence conducing to show the appellant guilty of the first act, if it did tend to corroborate and for no other purpose. In this the trial court seemed to have been correct, as upon a trial upon a charge of this kind, and under an indictment such as in this case, and where different acts of sexual intercourse between the defendant and the complaining witness are in evidence, and the attorney for the Commonwealth fails to formally make an election, as to which one of the acts he will rely upon for a conviction, the law will make an election for him, and will elect the act about which substantive proof is first introduced for the purpose of conviction."

Following this rule the court should not have given the instruction above copied, for it directed the jury to only consider and convict, if at all, for an act done when the sister Mable was not present, whereas the evidence shows that at the time of the first act testified about, Mable was present. But this error will not occur upon another trial, if there be one, for another and different incestuous act.

The second objection is to an instruction telling the jury that if it believed that Pearl Stites was an accomplice of her father in the commission of the crime charged, no conviction could be had upon her evidence unless corroborated by other evidence tending to connect the defendant with the commission of the crime. One who does not consent to nor willingly participate in the commission of a crime cannot be an accomplice.

Pearl Stites testified that her father forced her to let him have intercourse with her; that it was against her will. The sister states the same and no one pretends to say that Pearl willingly consented to or acquiesced in

the crime. The evidence all being one way, that she was not an accomplice, there was nothing to submit to the jury on that subject, nor grounds for the giving of the instruction of which complaint is made. Whittaker v. Commonwealth, 95 Ky. 632; McCreary v. Commonwealth, 163 Ky. 206.

The Commonwealth next complains that the third instruction reading:

"A confession of the defendant, if there was such, unless made in open court, will not warrant a conviction unless accompanied by other proof that such an offense was committed," should not have been given. Section 240 of the Criminal Code reads:

"A confession of a defendant, unless made in open court, will not warrant a conviction, unless accompanied with other proof that such an offense was committed.

We have several times held that where a confession was made out of court, is accompanied by other proof independently of the confession that the crime has been committed, it is not proper to instruct the jury as provided in this section. Dugan v. Commonwealth, 102 Ky. 244; Clary v. Commonwealth, 163 Ky. 55; Bates v. Commonwealth, 164 Ky. 1; Green v. Commonwealth, 83 S. W. 638; 14 R. C. L. 38, but where it is doubtful if the crime has been committed the jury should be instructed as in the section above quoted.

Here there was abundant evidence, aside from the alleged confession, that the crime had been committed and the alleged confession was competent as evidence to be considered along with other facts and circumstances proven in the case and no instruction should have been given on the subject. In fact it is very doubtful whether such an instruction should ever be given, for if there is no evidence of the commission of the crime except the confession of the defendant made out of court, the jury should be peremptorily directed to find him not guilty, without submitting any question to it. At any rate it should never be given where there is direct and positive evidence that the crime was committed by the defendant on trial.

We have repeatedly written that the reasonable doubt instruction in criminal cases should closely follow the words of the Criminal Code, section 238. Instruction No. 4 reads:

"The law presumes the innocence of the accused, and it is the duty of the jury, if they can reasonably do

so to reconcile all the facts and circumstances of the case with that presumption; and if, upon the whole case, you entertain a reasonable doubt of the guilt of the accused, or of any material facts necessary to constitute his guilt of the offense charged in the indictment, as stated in instruction No. 1, having been proven, then you should find the defendant not guilty."

While the instruction complained of has often been given, and has been before this court where the defendant was appealing and we have held it not prejudicial to him, because too favorable to him, we do not think it should ever be given, for it amounts to a brief argument in favor of the defendant. Mickey v. Commonwealth, 9 Bush 593; Ward v. Commonwealth, 14 Bush 233; Breeden v. Commonwealth; 151 Ky. 217; Minniard v. Commonwealth, 158 Ky. 210; Clary v. Commonwealth, 163 Ky. 48; Mearns v. Commonwealth, 164 Ky. 213.

If we follow this rule, as we must, the jury will be instructed:

"If you entertain a reasonable doubt from the evidence, of the guilt of the accused, he is entitled to an acquittal."

This should not be enlarged or elaborated, for the code provision does not warrant it.

When a witness is called to prove the good moral character of the defendant, he should be examined with special reference to the particular attribute or trait of character involved, as for instance, if the defendant is charged with incest, evidence of his good moral character is competent in his behalf, but it should specially relate to his orderly conduct with respect to the opposite sex, sexual lust and desire, and not so much to his industry and honesty. Of course the attorney for the Commonwealth is privileged to cross-examine such witness with special reference to the trait of character involved. 22 C. J. pages 473 and 474. Underhill on Criminal Evidence, section 77.

The Commonwealth offered to prove on the trial by two older married sisters of the prosecuting witness, that she was a normal person; that they had nursed and cared for her from her infancy up to a short time before the date at which she says her father began his assaults upon her and that her private organs were normal; that shortly after the happening of the act of which the Commonwealth complains, they, the two older sisters, made an occular and digital examination of her vagina and

found it enlarged and extended and the hymen destroyed in the same manner as that of a matured married woman who had been regularly cohabiting with her husband. These witnesses qualified by showing that they were acquainted from experience and information with the result to the vagina of a maiden by copulation with a man, and that the organ of Pearl was in the same state as that of a woman who regularly cohabited with a man.

This evidence was rejected by the court, but we think erroneously. After qualifying by showing their opportunities to know and their knowledge of the conditions which result from sexual intercourse, the court should have allowed the witnesses to testify.

We cannot fail to appreciate the great care which the learned circuit judge exercised for the protection of the rights of the accused in the trial of the case, and the extreme difficulty in a long and nauseating trial like this for the court to wholly avoid errors. It may be said that none of the errors appearing in the record were of a serious or unusual nature, nor such as often creep into the record amid the hurry and strain of the trial.

All of which is certified as the law of the case.