## Tester v. Commonwealth.

(Decided May 10, 1929.)

LEEBURN ALLEN for appellant.

J. W. CAMMACK, Attorney General, and SAMUEL B. KIRBY, JR., Assistant Attorney General, for appellee.

Opinion of the Court by Drury, Commissioner—Affirming.

Charley Tester, whom we shall call the defendant, was convicted of malicious shooting with intent to kill. His punishment was fixed at two years in the penitentiary, and he has appealed. He does not deny the shooting, and his only excuse is that he shot in defense of himself and his brother. That question was submitted to the jury in an instruction in which we see no fault and of which he does not complain.

His first ground for reversal is that the court admitted incompetent and irrelevant evidence against him. The answer to that is that he himself took the stand and admitted the very things of which he is complaining. He is arguing so strenuously, however, that the court erred in admitting evidence that he was drunk, that we will say on that subject that if it were admissible for no other purpose, it was admissible for the purpose of affecting the weight the jury should give to his evidence. He took the stand and testified in his own behalf, and it is well known that a man who is drunk at the time something happens cannot give as clear and accurate an account of the happening as another man of equal intelligence who saw the happening and was sober. A man might go to see a circus when he is drunk and a few days later go to see a circus when he is sober. He could give a better account of the second circus than he could of the first, though perhaps he would recall seeing more animals at the first one.

His next complaint is that the court refused to allow him to introduce competent and relevant testimony, and to make clear his position in this matter, it is necessary to give a brief statement of the facts. The defendant's brother, Arthur Tester, had killed a man named McPherson. The defendant claims that he had information that a mob was forming for the purpose of doing violence to his brother, and that he was endeavoring to protect his brother from the mob. The men at whom he is charged with shooting were officers of the law that had come for the purpose of arresting his brother, and he says that when he shot at them he thought they were members of the mob. He sought to show that he had sent word to the officers to come and arrest his brother and had arranged with one Elsberry Noble to notify him when any one came, whether the parties coming were

officers or members of the mob, and had told Noble where he would be. He was permitted to show this, but was not permitted to give in detail the conversation with Noble, and he insists that was prejudicial error. We cannot agree with him; the detail of this conversation was unimportant. He asked the witness Charlie Smith who fired the first shot, and Smith answered that Harrison Blanton did the talking and it seemed like Harrison Blanton was the man. The commonwealth's objection to that was sustained, and the defendant alleges that was error; but the court then said to the witness: "He asked you who did the shooting." The answer of the witness was that Harrison Blanton did it. So the defendant got the benefit of that evidence after all. He sought to prove that he himself had said when he was arrested that he was afraid the mob would kill his brother. This was excluded, but he did not except to the court's ruling. So that is unavailable.

He complains that the court refused to permit him to show that there was some one across the river that halloaed to this sheriff's party and said to them to kill them and to take no chances. He says that was error, but further in the examination the court admitted the evidence, so he got the benefit of it.

His next complaint is that in the indictment it was charged that this offense was committed on August 8, 1928, that it does not contain the words, "And before the finding of the indictment," and he alleges that the commonwealth wholly failed to show just when this shooting occurred, except that it occurred upon the evening of the day that Arthur Tester had killed McPherson. He alleges that on August 8, 1928, Arthur Tester had already been convicted, and was then in the penitentiary. The effect of all this, so he argues, is to show that he was charged with having committed this crime on August 8, 1928, whereas the proof showed that it was committed some time before that. "In charging a felony time is not material, for the commonwealth may prove the commission of the offense at any time prior to the finding of the indictment." See McCreary v. Com., 158 Ky. 612, 165 S. W. 981; also, section 129, Criminal Code. Hence the court did not err in failing to confine the instruction to the 8th of August.

His next complaint is that the defendant was charged with having shot at officers and that there was no proof that any of the witnesses whose names were indorsed

upon the indictment were officers. The whole and complete answer to that is the indictment makes no such charge. The defendant has been fairly tried. The jury failed to believe the evidence offered by him, but did believe that offered by the commonwealth. A judgment will not be reversed because the jury believed one set of witnesses rather than another. See Blanks v. Com., 223 Ky. 484, 3 S. W. (2d) 1105.

The judgment is affirmed.