## Alley v. Commonwealth.

(Decided November 1, 1929.)

JASPER H. PREECE for appellant.

J. W. CAMMACK, Attorney General, and JAMES M. GILBERT Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

Charged with the crime of incest, appellant was found guilty, and sentenced to serve two years in the penitentiary. From the judgment, he appeals.

He relies upon three grounds for reversal: First, he was entitled to a peremptory instruction; secondly, the verdict is flagrantly against the evidence; thirdly, the admission of incompetent evidence.

For the commonwealth, Sherman Crumb testified that some time before the finding of the indictment herein, he not being specific as to the exact time, he saw the appellant and his daughter Sula in the field back of. appellant's house engaged in sexual intercourse. Confronted by an affidavit signed with his mark after the finding of the indictment to the effect that he saw Sula engaged in sexual intercourse with some one, but it was not her father, Crumb testified that he could neither read nor write, that he had never told the person who wrote the affidavit what the affidavit now contains, and that it had never been read over to him before he signed it. He intimated that the appellant and his daughter were active in trying to prevent him from testifying in this case.

John L. Kirk testified that he saw appellant and his daughter Sula engaged in sexual intercourse in a berry patch. He fixed the time in August, 1927. This not being the act to which Crumb testified, and upon which the commonwealth relied for conviction, the court admonished the jury, in substance, that this evidence was admissible only as corroborative of the testimony offered to prove the particular offense charged in the indictment, if the jury believed it did so.

This evidence of Kirk is that which it is claimed was improperly admitted, but that it was admissible for the purpose stated by the court is well settled. Smith v. Commonwealth, 109 Ky. 685, 60 S. W. 531, 22 Ky. Law Rep. 1349; Newsom v. Commonwealth, 145 Ky. 628, 140 S. W. 1042; McCreary v. Commonwealth, 158 Ky. 612,

374

165 S. W. 981; Render v. Commonwealth, 206 Ky. 1, 266 S. W. 914, and see Alford v. Commonwealth, 227 Ky. 732, 13 S. W. (2d) 1026. Kirk testified that appellant's children Ollie and Leonard were present on the occasion about which he testified.

For the appellant, he and his daughter made a sweeping denial of all of the commonwealth's testimony. Ollie and Leonard testified that no such things occurred in the berry patch as testified to by Kirk. Appellant also introduced the justice of the peace who swore Crumb to the affidavit to which we have referred, and he testified that he read it over as written three times to Crumb before the latter signed it with his mark. The appellant admitted that Sula was his daughter, and she admitted to being the mother of five children, although unmarried. She was unable to designate with much certainty the respective fathers of these children.

From this resume of the evidence, it is plain that the question of appellant's guilt was one for the jury. They had a right to believe Crumb and his explanation of the affidavit as well as to believe Kirk and to disbelieve the witnesses of appellant, most of whom were quite interested. Nor can it be said, in view of these considerations, that the verdict was flagrantly against the evidence.

The judgment of the lower court is therefore affirmed.