## NANCE v. COMMONWEALTH.

Court of Appeals of Kentucky.
March 9, 1951.

Robert W. Zollinger, Louisville, for appellant.

A. E. Funk, Atty. Gen., W. Owen Keller, Asst. Atty. Gen., for appellee.

STEWART, Justice.

Ben A. Nance was indicted at the October, 1949, term of the Criminal Division of the Jefferson Circuit Court for the crime of incest. At a trial held on January 11, 1950, he was convicted and his punishment was fixed at the maximum period for that crime of 21 years confinement in the penitentiary. Judgment was entered accordingly, and he has appealed to this Court, urging the following grounds for a reversal:

(1) The verdict of the jury was rendered through bias and prejudice, so that appellant was denied a fair and impartial trial.

(2) There is not sufficient evidence to sustain the verdict.

(3) The verdict is erroneous because of irregularities in the preparation of the case.

(4) Appellant was denied a fair trial by the improper statements of the Commonwealth's Attorney in his closing argument.

The record in this case discloses that appellant and his wife separated from each other in 1946. They were the parents of 3 children, Jean Carolyn, age 11, Jerry, age 10, and David, age 6, and, at the time of the separation, the custody of Jean Carolyn and Jerry was awarded to Nance. The daughter, the victim of her father's lust, testified that appellant had had sexual intercourse with her for some time prior to and up to the night before his arrest on August 28, 1949. The incestious acts began while the family lived in Texas; it continued when they next lived in Tennessee, then in Indiana and, finally, in Louisville, Kentucky. They had resided at several locations in the latter city. Her father frequently slept with her at which time he engaged in the act of which he is charged. Her brother Jerry testified that, when he, his father and Jean Carolyn lived on Second Street in Louisville, he saw them in bed together, and we quote him, "my daddy on top of my sister." He said he observed them in this position two or three times. When asked what his sister said, he replied: "She hollered and told him to quit." Dr. J. O. H. Simrall testified that he examined the girl on August 29, 1949, and, at that time, the hymenal orifice or entrance to the vagina admitted one finger with ease. The patient was not cooperative to the examination, he said, but it was his opinion, since the entrance to the vagina was dilated enough, she could have had sexual relations sometime in the past.

Appellant emphatically denied that he had ever abused his daughter. He in-

sists that the first error was committed at the trial when evidence was admitted that his daughter had contracted gonorrhea from him when she was seven years old. Jean Carolyn testified that she knew of no one she could have caught the disease from except her father. Appellant claimed he had never had the disease and introduced Dr. John T. Bate, who had examined samples of Nance's prostatic secretion and urine in December, 1949, and in January, 1950, and gave his opinion as an expert witness that Nance had never had gonorrhea. However, this doctor admitted on cross examination that very extensive treatment with both penicillin and sulphadiazine could possibly remove any trace of the disease. Appellant argues that the introduction of this evidence could have no other effect than to inflame the jury and create bias against him. Whether or not Nance communicated this disease to his daughter was in dispute at the trial and only the jury could decide the question. The testimony of his daughter that her father infected her with gonorrhea clearly made this evidence admissible. In Williams v. Com., 281 Ky. 70, 134 S.W.2d 983, Williams sought to escape conviction on a charge of incest by proving that his daughter had contracted gonorrhea from some person other than himself, claiming that every test showed he had never had the disease. The court considered the evidence admissible, as it was connected up with Williams' incestuous acts with his daughter, and the latter stated she had caught the disease from him.

We are not impressed with appellant's contention that the evidence is insufficient to sustain the verdict. We have heretofore summarized the facts. We merely need to point out that the statements of the prosecutrix as to appellant's guilt were fully corroborated by the testimony of her brother. Dr. Simrall's testimony undoubtedly helped to make out a case against Nance. The jury in its discretion could properly choose to believe that the children were telling the truth and that the father was not. Whitaker v. Com., 95 Ky. 632, 27 S.W. 83, held that the accused father could be convicted of incest on the uncorroborated testimony of his daughter.

In the third grounds urged by appellant for reversal of the judgment below, he makes the charge that the girl was brought before the Crime Prevention Bureau in Louisville and there she was interrogated at great length and coerced by the officials to fabricate, as he alleges, the charge preferred against him. In the record, we have only appellant's testimony to sustain this contention. The officials who had the child in custody for questioning at the Bureau do not bear him out in his assertion. Nor does his daughter; for she flatly states she was not subjected to threats or force to induce her to sign the statement which pinned the crime on him. All of the facts raised by appellant on this issue were fully presented to the jury at the trial. We think the finding of the jury on this point adversely to Nance should be left undisturbed.

Counsel for appellant resorts to an unusual method to raise his alleged fourth error, namely, misconduct upon the part of the Commonwealth's Attorney in arguing appellant's case before the jury. His sole basis for this contention is an affidavit of one Frank T. Gates, foreman of the jury that tried appellant in the circuit court. This Court cannot give legal sanction to this manner of attack upon the closing argument of the Commonwealth's Attorney. First, there is no indication other than the affidavit as to what the Commonwealth's Attorney said. Next, there is no showing in the record that any statement made by him in his argument was objected to at the trial of the case. Finally, Section 272 of the Criminal Code of Practice rejects such procedure in the following language: "A juror can not be examined to establish a ground for a new trial, except it be to establish that the verdict was made by lot." Accordingly, we need not disclose or discuss the contents of the affidavit, as it manifestly has no place in this record.

On the whole it appears to us that the court accorded appellant a fair and im-

partial trial, and we have found no errors in the record that we consider prejudicial to his substantial rights.

The judgment is affirmed.