## SALYERS v. COMMONWEALTH.

Court of Appeals of Kentucky.

Feb. 27, 1953.

Montgomery & Montgomery, Liberty, for appellant.

J. D. Buckman, Jr., Atty. Gen., and John B. Browning, Asst. Atty. Gen., for appellee.

MILLIKEN, Justice.

Appellant, Luther Salyers, was convicted of incest and sentenced to three years in the penitentiary. He urges the following grounds for reversal: (1) The evidence is insufficient to sustain his conviction; (2) there is a variance between the indictment and the proof as to the time the offense was committed; (3) the trial court erred in permitting a child present at the trial to be referred to and identified as the issue of the appellant and his daughter; and (4) the Commonwealth's Attorney made an improper argument in his closing address to the jury.

The appellant's daughter, Myrtle Salyers, who was twenty-five years of age at the time of the trial, testified that her father first had illicit relations with her when she was fourteen years of age and that such conduct continued until she became pregnant. At her father's suggestion she gave the name of an innocent boy as the father of her child to the doctor in attendance at the time of the child's birth. She identified an eight and a half year old child present

in the courtroom as the fruit of the illicit relationship. She said since the birth of her child there had been no illicit relationship between her and her father, but that on one occasion he had unsuccessfully attempted to be intimate with her and that she then left home to live with a brother in order to escape his solicitations.

The appellant denied his guilt and said he had never been accused of the offense until his wife recently filed a divorce action, and he insinuates that he was accused of the offense solely for the purpose of enabling his wife to obtain her divorce. Myrtle's testimony is not corroborated by any other evidence, but it is the rule in this jurisdiction that a father may be convicted of incest with his daughter on her uncorroborated testimony. See Whittaker v. Commonwealth, 95 Ky. 632, 27 S.W. 83; Nance v. Commonwealth, Ky., 237 S.W.2d 537.

Salyers next contends that he cannot be guilty of the offense charged in the indictment because it recited that the offense was committed "on the —— day of ——, 1944, and before the finding of this indictment," whereas Myrtle testified that he had not been intimate with her after the birth of her child, who was eight and a half years of age at the time of the trial held in June, 1952. He maintains that the offense of which he was accused could, therefore, only have occurred prior to 1944, the time stated in the indictment. This would appear to be mathematically correct, but the error is immaterial in view of Section 129 of the Criminal Code of Practice, which provides:

"The statement in the indictment, as to the time at which the offense was committed, is not material further than as a statement that it was committed before the time of finding the indictment, unless the time be a material ingredient in the offense."

Since time is not a material ingredient of the offense of incest, all that is necessary in the indictment in this respect is that it should appear from its averments that the offense was consummated before the finding of the indictment. See Sergent v. Commonwealth, 257 Ky. 567, 78 S.W.2d

795, and May v. Commonwealth, 153 Ky. 141, 154 S.W. 1074. However, where a felony is barred after a lapse of time, such as prosecutions for seduction, the indictment is defective unless it avers that the felony was committed within the period of limitation. Garrison v. Commonwealth, 243 Ky. 253, 47 S.W.2d 1028.

The appellant's next two contentions are interrelated and are considered together. The child of Myrtle Salyers was permitted to remain inside the bar, seated at the counsel table, and in full view of the jury. She was seated beside her mother except when her mother testified. Reference was repeatedly made to the child upon the direct examination of the mother, Myrtle Salyers. The Commonwealth's Attorney also referred to the child in his argument.

In this state a conviction of seduction, like incest, may be obtained by the uncorroborated testimony of the prosecuting witness. In Jordan v. Commonwealth, 180 Ky. 379, 202 S.W. 896, 898, 1 A.L.R. 617, which was a prosecution for seduction, this court said:

"We do not * * * rule that if a child is born as the result of the alleged seduction, the prosecuting witness may not have with her, in the courtroom in the presence of the jury, the child, although its presence unexplained or uncommented on might create, in the mind of the jurors, an unfavorable sentiment against the accused, but the probability that the appearance of the child might create such a feeling is not, we think, sufficient to justify us in holding that the mother may not have it with her in the courtroom. But she cannot be inquired of about its parentage, nor should the commonwealth's attorney be permitted to allude in any manner to its presence or make any comments on its appearance. State v. Fogg, 206 Mo. 696, 105 S.W. 618; State v. Carter, 8 Wash. 272, 36 P. 29."

In a prosecution for incest, we believe that justice requires that the jury be permitted to consider the evidence with as much objectivity as possible. The existence of offspring from such a relationship is not an element of the crime of incest, and a familial characteristic or resemblance

could come from either parent and so be of little probative value on the issue of incest. Some states have admitted such evidence for the consideration of the jury, 40 A.L.R. at page 167, 42 C.J.S., Incest, § 15, p. 513, but we believe the probative value of such evidence is more than offset by its tendency to inflame the emotions of the jury already smoldering perhaps at the mere accusation of incest.

Because of the reference to the child at the trial as the offspring of the alleged incestuous relations, the judgment is reversed.