Moss BROWNING, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Nov. 17, 1961.

P. H. Vincent, Ashland, for appellant.

John B. Breckinridge, Atty. Gen., Wm. F. Simpson, Asst. Atty. Gen., for appellee.

STEWART, Judge.

Appellant, Moss Browning, was convicted in the Boyd Circuit Court of the crime of incest and sentenced to 21 years in the penitentiary. On this appeal he maintains the verdict (a) was not supported by any competent evidence, (b) was the result of passion and prejudice on the part of the jury, and (c) was contrary to law. Appellant further argues that incompetent evidence was introduced over his objection.

KRS 436.060, which denounces the offense of incest, reads: "Any person who carnally knows his or her father, mother, child, sister or brother, knowing such a relationship to exist, shall be confined in the penitentiary for not less than two nor more than twenty-one years."

In advancing the theory that the verdict was not sustained by any competent evidence, appellant bases practically his entire argument on a claimed discrepancy as to the exact date of the perpetration of the offense. He was accused in the indictment of carnally knowing his daughter, Tressie Mae Browning, age 16, "in June or July, 1960." We shall hereinafter refer to appellant's daughter by her Christian name. Shortly after the return of the indictment he moved the trial court for a bill of particulars, seeking, among other things, to elicit information in respect to the time and place of the alleged crime. On the same day the Commonwealth complied with this motion, and gave the date that the illegal act was committed as July 20, 1960, and the place as the bedroom in the home of appellant.

When the trial was held, Tressie Mae testified she was pregnant and that appellant was the father of her unborn child. She was asked by the Commonwealth's attorney when the offense occurred and her testimony on this point was:

"Q. 17. Will you tell the jury your best judgment the time he (appellant) had intercourse with you and got you pregnant? A. January 28th is the only one I recall.

"Q. 18. To refresh your memory I will ask you if it was July 20, 1960. A. Yes."

She further stated she remembered the July 20th date because her mother went to Huntington, West Virginia, on that day to visit someone in the hospital there, and that her sister and brother-in-law accompanied her mother to the same city at the same time in order to donate blood to a Mrs. Luna Blevins.

Appellant, a carpenter aged 51 and the father of nine living children, denied the offense. It was shown by the evidence of Edith Browning, his wife, and of James David Browning, his son, and by the records of the hospital in Huntington, West Virginia, that the trip above-mentioned took place on July 30, 1960.

Appellant asserts this evidence proved conclusively that Tressie Mae's story was untrue and thus the verdict was not supported by the evidence. His argument is that since Tressie Mae was obviously lying, as to the date of the alleged event, her whole accusation which implicated him was a fabrication.

The Commonwealth's position is that any discrepancy as to the exact date the unlawful relationship was consummated is immaterial and a misstatement on that point does not render Tressie Mae's story unbelievable. Its argument is that the time factor is not vital in an offense of this

type, so long as the incriminating act was proven to have happened before the date of the indictment.

■ We believe the contention of the Commonwealth is strongly supported by the language of Section 129 of the Criminal Code of Practice, which reads: "The statement in the indictment, as to the time at which the offense was committed, is not material further than as a statement that it was committed before the time of finding the indictment, unless the time be a material ingredient in the offense." In 42 C.J.S. Incest § 12(a), p. 510, it is pointed out that generally the indictment charging incest is not rendered invalid by reason of its failure to state the date of its occurrence. It is our view no greater importance should be attributed to the bill of particulars than to the indictment where uncertainty exists as to when an alleged violation took place. In Salyers v. Commonwealth, Ky., 255 S.W. 2d 605, 606, it was specifically held that time was not of the essence in an indictment charging incest.

■ Thus it would appear, on the basis of the authorities cited, that the fixing of the date of the act is not a necessary element of the offense of incest. Therefore we conclude the Commonwealth had the right to show the commission of the offense at any time prior to the finding of the indictment. See Tester v. Commonwealth, 229 Ky. 403, 17 S.W.2d 260; and May v. Commonwealth, 153 Ky. 141, 154 S.W. 1074.

It is further urged that incompetent evidence was introduced by the Commonwealth, which was objected to by the defendant and which resulted in arousing the passion and prejudice of the jury. The Commonwealth in its direct examination of the prosecutrix, who was the only witness that testified in its behalf, asked only one question which was objected to, and this question was: "Has he (appellant) mistreated you like this on other occasions?" The reference of course was to other incestuous intercourse that had occurred between the two. The trial judge permitted her to respond to this inquiry, and her answer was: "Yes, before that." Thereupon the trial judge, without any request being made therefor, properly admonished the jury as to the purpose of such evidence.

■ In cases of this nature, it has been uniformly held that evidence of similar acts can be considered for the purpose of corroborating the testimony concerning the principal offense. See Alley v. Commonwealth, 231 Ky. 372, 21 S.W.2d 476; Commonwealth v. Stites, 190 Ky. 402, 227 S.W. 574; and Smith v. Commonwealth, 109 Ky. 685, 60 S.W. 531. As the jury was told that the testimony under attack was to be considered only for its corroborative effect it was not error to admit it.

■ Appellant's insistence that the verdict was the result of passion and prejudice on the part of the jury is not sustained by the record and therefore this contention cannot prevail. It is also clear appellant is not in any position to complain in respect to any other evidence introduced by the Commonwealth. This is because no objection was made to any of it, other than that hereinbefore noted, which we have shown was properly allowable. Unless an error is brought to the attention of the trial judge and is preserved by an exception to his ruling, this Court is without authority to review the point. See Morgan v. Commonwealth, Ky., 310 S.W.2d 281, 282.

■ Appellant finally contends the evidence was insufficient to support the jury finding and therefore the verdict is contrary to law. This position seemingly rests upon the assumption that Tressie Mae's testimony under the circumstances recited, when considered alone, did not make out a case against him. We do not agree. This Court has consistently held in a long line of decisions that under an indictment for incest committed by a father with his daughter a conviction is authorized upon the testimony of the daughter alone, she not being an accomplice. Salyers v. Commonwealth, supra; Nance v. Commonwealth, Ky., 237 S.

W.2d 537; Craig v. Commonwealth, 190 Ky. 198, 226 S.W. 1074; and Whitaker v. Commonwealth, 95 Ky. 632, 27 S.W. 83.

It appears appellant had a fair and impartial trial and that no phase of it was prejudicial to his substantial rights.

Wherefore, the judgment is affirmed.