Clarence E. STEPHENS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Dec. 17, 1965.

**158**

---

Wheeler B. Boone, Frank C. Henry, Lexington, for appellant.

Robert Matthews, Atty. Gen., Joseph H. Eckert, Asst. Atty. Gen., Frankfort, for appellee.

WADDILL, Commissioner.

Appellant was convicted of indulging in indecent and immoral practices with a child under fifteen years of age as denounced by KRS 435.105. A jury fixed his punishment at confinement for five years in the penitentiary.

In seeking to reverse the conviction it is urged that the court erred in permitting, over appellant's objections, the indictment to be amended by changing the date when the offense was allegedly committed. Rule 6.16 of our Rules of Criminal Procedure provides:

"The court may permit an indictment or information to be amended any time before verdict or finding if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced."

■ It is evident that the specific offense embraced within the indictment was that of violating KRS 435.105. Only the date of the occurrence of the alleged offense was changed by the amendment. Time is not a necessary element of the offense denounced by KRS 435.105 because the prosecution for its violation is not barred by a lapse of time. However, an indictment must show that the offense stated therein was committed before the indictment was returned. Browning v. Commonwealth, Ky., 351 S.W.2d 499 and Salyers v. Commonwealth, Ky., 255 S.W.2d 605. See Roberson's New Kentucky Criminal Law and Procedure, section 1750, page 1845. It is our opinion that, since the amendment made no substantive change in the indictment, the amendment did not state an additional or different offense within the meaning of RCr 6.16. This interpretation is not inconsistent with that given Federal Rule 7(e) (from which RCr 6.16 is adapted). In Bullock v. United States, 265 F.2d 683 (6th Cir.), it was held that a criminal contempt information may be amended, without violating Federal Rule 7(e), by charging the accused with acts which were not the same acts originally charged against him.

■ Also appellant was not prejudiced by the amendment. While the criminal act charged in the indictment (as amended) occurred on a date different from that previously stated in the indictment, appellant made no motion for continuance nor did he establish that the amendment prevented him from obtaining a fair trial. See Brown v. Commonwealth, Ky., 378 S.W.2d 608. Appellant's defense was that his conduct with the infant prosecutrix on the day specified in the amended indictment was excusable under the circumstances. Hence, he presented his sole defense and he makes no claim that he could have established a more convincing one had he been granted a continuance.

■ Appellant next contends that the voir dire examination of the infant prosecutrix did not sufficiently qualify her as a witness. Upon questions propounded by the trial court and the commonwealth's attorney the responses of the eleven year old prosecutrix tended to show that she had the ability to observe, recollect and truthfully narrate the facts. Cf. Moore v. Commonwealth, Ky., 384 S.W.2d 498. Conse-

quently the trial court's finding that the witness was qualified is justified.

 It is further contended that the trial court erred in not permitting appellant to introduce a written opinion and judgment granting the prosecutrix's mother a divorce from appellant. It is urged that this opinion and judgment contain statements and provisions which would affect the credibility of the testimony of the prosecutrix's mother. The trial court properly refused to permit introduction of these documents since this would obviously have been an improper method of impeaching the witness.

The judgment is affirmed.