**John WILCHER, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 26, 1978.

John S. Smith, Spragens, Smith & Higdon, Lebanon, for appellant.

Robert F. Stephens, Atty. Gen., John W. Stewart, Asst. Atty. Gen., Frankfort, for appellee.

Before COOPER, HOWARD and WILHOIT, JJ.

WILHOIT, Judge.

This is an appeal from a judgment of the Casey Circuit Court entered in accordance with a jury verdict finding appellant, John Wilcher, guilty of wanton endangerment in the second degree, proscribed by KRS 508.-070, and imposing punishment at a fine of $500.00.

The charge of wanton endangerment arose from an incident involving appellant Wilcher and the prosecuting witness, Cecil Stafford. According to Stafford, he was riding with his wife in their pickup truck when he saw Wilcher approaching in his pickup truck from the opposite direction, driving partially in the Stafford's lane of traffic. Wilcher passed so close to the Stafford truck that he broke the side-view mirrors on both trucks. Mrs. Stafford turned the truck around and they followed Wilcher into Liberty, Kentucky, where he stopped. Mr. Stafford approached Wilcher's truck and pecked on the window which Wilcher than rolled down. After some conversation between the two men, Wilcher rolled up the window on Stafford's arm, backed up then pulled forward 3 times in the truck, and then carried Stafford some 25 or 30 feet on the outside of the truck until he fell or was

thrown onto the pavement sustaining injury.

Wilcher relies upon the following grounds for reversal: 1) the court erred in permitting witnesses to testify that Wilcher was under the influence of intoxicating liquors or drugs, and 2) the court erred in failing to set aside the swearing of the jury due to improper comments made by the prosecuting attorney.

■ At trial, Cecil Stafford testified that at the time of the incident Wilcher "was very drunk or doped, one of the two." David Price, the policeman who arrested Wilcher after seeing him leave the scene of the incident, testified that Wilcher was in no condition to be driving because "[h]e was under the influence of liquor, or drugs, at the time." Wilcher argues that since the condition of an accused is not in issue when charged with wanton endangerment in the second degree and since he did not raise drunkenness as a defense to the charge, any evidence on his condition was irrelevant. We do not agree.

In an Arkansas case in which the defendant was found guilty of assault with intent to kill, defendant urged reversal on the ground that admitted evidence concerning a blood alcohol test was irrelevant to the charge. The Court stated:

> On a charge of assault, the condition of the accused as to intoxication is relevant as a part of the surrounding circumstances. . . . Circumstances so clearly related to the main fact under consideration as to illustrate its character and the state of mind, sentiment and disposition of the actor are parts of the res gestae, which embraces not only the actual facts of the transaction and the circumstances surrounding it, but also matters immediately antecedent to and having a direct causal connection with it, as well as acts immediately following it and so closely connected with it as to form in reality part of the occurrence.

*Turner v. State*, 258 Ark. 425, 527 S.W.2d 580, 586 (1975). *See* 1 J. Wigmore, *Evidence* § 85 (3d ed. 1940). We agree with the position expressed by the Arkansas Court and hold that evidence of Wilcher's intoxication was properly admitted. *See also Tester v. Commonwealth*, 229 Ky. 403, 17 S.W.2d 260 (1929).

■ As regards the second ground for reversal, appellant cites numerous instances of alleged improper remarks made by the prosecuting attorney, both during examination of witnesses and in closing argument, which appellant contends require reversal of his conviction. Only one and possibly another of the alleged errors, however, are properly preserved for review since no objections were raised at trial to any of the other comments. On cross-examination by the Commonwealth, appellant testified that the policeman knocked him out and that 3 or 4 days passed before he "come to." At that point the commonwealth's attorney asked: "Didn't take that long to get sober did it?" Appellant's counsel immediately objected but the trial court did not respond and counsel did not obtain a ruling by the court nor pursue the matter in any other way. Consequently, any objection to this comment was waived. *Time Finance Co. v. Beckman*, Ky., 295 S.W.2d 346, 349 (1956); *Greathouse v. Mitchell*, Ky., 249 S.W.2d 738 (1952).

■ The other alleged impropriety occurred when appellant made a written motion during trial to exclude the results of a blood alcohol test performed on Wilcher. The court sustained the motion and the following occurred within the hearing of the jury:

> *By Mr. Paul Carter* [Commonwealth's Attorney]: Judge I think I have a right to show he had a blood test and what it showed.
>
> *By Mr. Smith* : Objection your Honor! Now counsel is going to testify.
>
> *By the Court* : Alright the objection is sustained Mr. Carter. Stand Aside Mr. Price.
>
> *By Mr. Carter* : Okay, if they don't want it to come out.

At this point appellant requested that the court admonish the jury to disregard the last remark and that it be stricken from the

record. The court told the jury to "disregard that entirely and give it no consideration whatsoever." Appellant's counsel then requested that the court declare a mistrial which the court refused to do. Appellant argues that this comment by the Commonwealth's attorney was prejudicial to appellant, even though he received only a fine and no jail term, and that the relatively mild punishment may indicate that the "jurors didn't really believe in his guilt and may well have been punishing him for the use of alcohol."

At oral argument, appellant's counsel urged that the recent Supreme Court case of *Campbell v. Commonwealth*, Ky., 564 S.W.2d 528 (1978), supports the conclusion that reversal is necessary in this case. In *Campbell*, the murder conviction of Leroy Campbell was reversed due to improper conduct on the part of the prosecuting attorney who questioned a witness about threatening telephone calls he had received prior to trial. The Court held that it could not be said that such an error was harmless beyond a reasonable doubt given the fact that the prosecutor reinstated by a remark during closing argument the link between Leroy Campbell and the threatening calls, "a link which otherwise might have been dispelled by the court's admonition, and given the fact that Leroy received the minimum sentence for the crime for which he was convicted, which indicates . . . a compromise among the jurors . . . ." *Id.* at 531. The alleged error raised by Wilcher in this case, however, was followed by an admonition; this is not the situation where the error has been reinstated by the closing argument as it was in *Campbell*. Also, the punishment here is not the minimum and a $500 fine does not necessarily indicate to us a compromise. The two "givens" upon which the Court concluded that the error was not harmless beyond a reasonable doubt in *Campbell* are not, therefore, present in this case. While we certainly do not condone the comment made by the prosecuting attorney, upon a consideration of the whole case, especially the weight of the evidence, we do not believe that there is a substantial possibility that the

result would have been any different had the comment not been made and the error is, therefore, nonprejudicial. *Abernathy v. Commonwealth*, Ky., 439 S.W.2d 949 (1969).

The judgment of the trial court is, therefore, affirmed.

All concur.