**Edward JOHNSON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 1998–CA–002601–MR.

Court of Appeals of Kentucky.

Jan. 26, 2001.

E. Kenneth Duncan, Bowling Green, for Appellant.

A.B. Chandler, III, Attorney General, Matthew Nelson, Assistant Attorney General, Frankfort, for Appellee.

Before HUDDLESTON, JOHNSON and KNOPF, JJ.

*OPINION*

JOHNSON, Judge:

Edward Johnson appeals the judgment and sentence entered on October 2, 1998, in the Warren Circuit Court convicting him of assault in the first degree.[1] Having concluded that Johnson's plea of guilty to driving under the influence (DUI)[2] that occurred prior to the jury's verdict of guilty on the charge of assault in the first degree did not constitute a double jeopardy violation, we affirm.

On November 10, 1997, Johnson, while under the influence of alcohol, was driving his motor vehicle in Bowling Green, Kentucky, when it collided with a vehicle being driven by Drema Wilson. Johnson and

---

**1.** Kentucky Revised Statutes (KRS) 508.010.

**2.** KRS 189A.010.

Wilson both suffered very serious, life-threatening injuries from the collision. The blood alcohol test administered to Johnson at the hospital indicated a blood/alcohol level of .25%—two and one-half times the legal limit. Johnson was cited for DUI; and in the Warren District Court on December 4, 1997, he entered a plea of guilty to the DUI charge.

On February 4, 1998, the Warren County grand jury indicted Johnson for assault in the first degree as a result of the November 10, 1997 collision. He was tried and convicted of assault in the first degree by a jury on September 15, 1998. On October 2, 1998, the trial court, in accordance with the jury's recommendation, sentenced Johnson to prison for a term of 12 years. This appeal followed.

■ Johnson raises two issues on appeal: (1) "the trial court erred in not dismissing the indictment charging [Johnson] with assault in the first degree after he had been convicted of driving under the influence"; and (2) "the court erred in allowing evidence of [Johnson's] intoxication to be admitted into evidence." Johnson contends that since he pled guilty to the charge of DUI, he could not also be convicted of the charge of assault in the first degree that was based on the same course of conduct. He claims the subsequent conviction for assault in the first degree is in violation of the double jeopardy provisions contained in the Fifth Amendment to the United States Constitution and Section 13 of the Kentucky Constitution.

This Court in the recent case of *Farmer v. Commonwealth*,[3] stated:

> Pursuant to the double jeopardy clause of the Fifth Amendment to the United States Constitution, no person shall "be subject for the same offence [sic] to be twice put in jeopardy of life or limb[.]" Section 13 of the Kentucky Constitution contains a virtually identi-

cal provision. In *Commonwealth v. Burge*, Ky., 947 S.W.2d 805 (1997), the Kentucky Supreme Court announced a return to the "same elements" test set forth in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), which is codified at KRS 505.020, determining when a single course of conduct may establish more than one offense. Under this test, "[d]ouble jeopardy does not occur when a person is charged with two crimes arising from the same course of conduct, *as long as each statute 'requires proof of an additional fact which the other does not'* " [emphasis added]. *Burge*, 947 S.W.2d [at 809], *quoting Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932). Thus, we must determine whether Farmer's conduct violated two distinct statutes and if so, whether each statute required proof of an element that the other did not.[4]

In the case *sub judice,* Johnson pled guilty to DUI pursuant to KRS 189A.010(1), which provides:

> (1) A person shall not operate or be in physical control of a motor vehicle anywhere in this state:

> (a) While the alcohol concentration in his blood or breath is 0.10 or more based on the definition of alcohol concentration in KRS 189A.005;

> (b) While under the influence of alcohol;

> (c) While under the influence of any other substance or combination of substances which impairs one's driving ability;

> (d) While under the combined influence of alcohol and any other substance which impairs one's driving ability; or

> (e) While the alcohol concentration in his blood or breath is 0.02 or more based on the definition of alcohol concentration in KRS 189A.005 if the person is under the age of twenty-one (21).

3. Ky.App., 6 S.W.3d 144 (1999).

4. *Id* at 146–47.

Johnson was tried and convicted of assault in the first degree pursuant to KRS 508.010(1), which provides:

(1) A person is guilty of assault in the first degree when:

(a) He intentionally causes serious physical injury to another person by means of a deadly weapon or a dangerous instrument; or

(b) Under circumstances manifesting extreme indifference to the value of human life he wantonly engages in conduct which creates a grave risk of death to another and thereby causes serious physical injury to another person.

In *Justice v. Commonwealth*,[5] the Supreme Court of Kentucky held that "the DUI statute does not preclude a conviction for First–Degree Assault." The Court further stated:

The First–Degree Assault statute does not require any proof of alcohol or intoxicate consumption. Further, the First Degree Assault statute requires proof that the defendant caused serious physical injury either intentionally or wantonly. KRS 508.010(1). The DUI statute requires no proof of injury to another or proof of the defendant's state of mind.

Johnson attempts to distinguish his case from *Justice* because Justice was tried for DUI and assault in the first degree at the same trial, while he pled guilty to the DUI charge before being indicted on the assault charge. While this obviously constitutes a factual distinction between the two cases, we believe it to be distinction without a difference. While the charges against Johnson for DUI and assault in the first degree constituted "two crimes arising from the same course of conduct," double jeopardy did not occur since "each statute 'requires proof of an additional fact which the other does not.'"[6] Therefore, we hold, consistent with *Justice* and *Farmer*, that even though Johnson previously pled guilty to a DUI charge arising out of an automobile collision, his subsequent conviction for assault in the first degree arising out of that same automobile collision did not constitute a double jeopardy violation.

■ The second issue raised by Johnson concerns the ruling by the trial court which allowed evidence of Johnson's intoxicated condition to be admitted at his trial for assault in the first degree. Johnson makes the novel argument that evidence of his intoxication was irrelevant because "[i]f the intoxication is not barred by double jeopardy because [ ] evidence of his intoxication is not an element of wanton assault in the first degree, then any evidence of his intoxication would not be relevant and would be barred under Kentucky Rules of Evidence [KRE] 402." We disagree.

The definition for "relevant evidence" is found in KRE 401:

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

Furthermore, this Court has held:

On a charge of assault, the condition of the accused as to intoxication is relevant as a part of the surrounding circumstances.... Circumstances so clearly related to the main fact under consideration as to illustrate its character and the state of mind, sentiment and disposition of the actor are parts of the res gestae, which embraces not only the actual facts of the transaction and the circumstances surrounding it, but also matters immediately antecedent to and having a direct causal connection with it, as well as acts immediately following it and so closely connected with it as to form in reality part of the occurrence.[7]

**5.** Ky., 987 S.W.2d 306, 312 (1998).

**6.** *Burge, supra* at 809.

**7.** *Wilcher v. Commonwealth*, Ky.App., 566 S.W.2d 812, 813 (1978)(quoting *Turner v. State*, 258 Ark. 425, 527 S.W.2d 580, 586 (1975)).

In the case *sub judice,* evidence of Johnson's significant level intoxication was important evidence properly used to prove the wantonness of his conduct at the time he caused his vehicle to collide with Wilson's vehicle. KRS 501.020(3) provides in part:

A person acts wantonly with respect to a result or to a circumstance described by a statute defining an offense when he is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that disregard thereof constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation.

Clearly, evidence of Johnson's degree of intoxication was related to the jury's determination of whether he was aware of and consciously disregarded a substantial and unjustifiable risk that Wilson would suffer serious physical injuries as a result of his operation of his motor vehicle.

Accordingly, the judgment of the Warren Circuit Court is affirmed.

ALL CONCUR.