## Jordan v. Commonwealth.

(Decided October 6, 1931.)

C. F. SEE, JR., WM. SAVAGE, and W. D. O'NEAL for appellant.

J. W. CAMMACK, Attorney General, for appellee.

Opinion of the Court by Stanley, Commissioner—Affirming.

This appeal is by George Jordan from a judgment of conviction of the crime of malicious shooting and wounding Oma Workman, in accordance with which he has been sentenced to serve two years and one day in the penitentiary.

Workman was shot twice in the back, the balls going through his body, twice through the leg, once through the arm, and once in the hand. He survived. Bad blood, for some reason not disclosed in the record, had existed between the two men for several days before the shooting, and each had been watching the other with an evil eye and a ready hand. It appears that during this armament period, particularly on that day, the appellant carried two pistols and the wounded man one. Several threats on the part of the appellant toward Workman were proved, and the accused also introduced evidence tending to show that the latter had been following him about for the apparent purpose of doing him harm.

Passing without recitation the details of these incidents, it is to be said the commonwealth showed that during the afternoon while Workman, who appears to be the younger of the two men, was at the home of his step-grandmother, the appellant, his son Virgil, and his son-in-law Jim Atkins, passed and repassed the place. The appellant then had a pistol buckled around him, and Atkins also carried a weapon which was visible. As they repassed it appears that Workman had a pistol in his hand, although that is denied. Perhaps it was an hour later that he started home, it being necessary that he pass where Jordan lived. Bascom Thacker, who had been digging a well at his grandmother's home, accompanied him to where the road forked near Jordan's home. He testified that after he had gone a short distance up the right-hand road his attention was attracted by Jordan's wife saying, ''Don't go out there George,'' and he then saw Jordan leave the porch with a pistol in his hand and go toward and follow Workman, who had gotten beyond the house and was looking back over his shoulder. When he got within a few feet of him, Jordan began to fire, and Workman fell to the ground, but he continued shooting. While this was going on, Atkins stepped up and began shooting at Workman also. Other witnesses testified that his son Virgil also left the porch with him. Workman testified that he heard a noise

behind him as he was walking along the road, and as he turned, Jordan shot him and Atkins joined in the fusilade. He had a pistol under his shirt, but was unable to use it because of the wound in his hand. As he lay on a rock, Atkins shot him "in the forks of the galluses," and grabbing him, took away his pistol.

The defendant and members of his family give an entirely different version. They say that Jordan was at a well in the yard by the side of his house, and that as Workman passed he cursed him, and when Jordan responded with a statement, "It takes a coward for two of you to follow a man around with a knife" (alluding to a previous occasion), Workman jerked out his pistol and shot him, and then he fired in defense of himself and his family who were about the yard. The bullets flew thick and fast, but none of the appellant's folks were struck. They all deny that Atkins fired a single shot or that any of them were in the road where Workman was.

■ Complaint is made of the admission of evidence as to the participation by Atkins in the affray, on the ground that it was an offense committed by another for which the defendant was not responsible. The contention is not a meritorious one, for it is a plain rule that evidence of another and distinct crime is admissible if it was committed as part of the same transaction and formed part of the res gestae, or where it is so clearly connected with the one for which the defendant is being tried as to be inseparable from it. Roberson, sec. 1799; Rapp v. Commonwealth, 53 Ky. (14 B. Mon.) 614; Thomas v. Commonwealth, 185 Ky. 226, 214 S. W. 929. In Cardwell v. Commonwealth, 46 S. W. 705, 20 Ky. Law Rep. 496, we have an especially pertinent case where evidence of the shooting by another party, at the same time, of the person whom the defendant was on trial for wounding, was held properly admitted. Appellant's counsel seizes and lays emphasis upon statements in Mitchell v. Commonwealth, 195 Ky. 819, 243 S. W. 1028, and Gilbert v. Commonwealth, 228 Ky. 19, 14 S. W. (2d) 194, that the persons other than the accused whose acts had been related in evidence under this rule were indicted with the defendant being tried. Here the third person was indicted separately, and it is argued that under those opinions evidence of his acts was not admissible. The argument won't do. The indictment doesn't control in considering the admissibility of such evidence. The

question is: Would the picture be incomplete without it? It would have been impossible to portray this scene, and the incidents of the crime for which the appellant was being tried, without admitting evidence concerning the activities and participation of his son-in-law, Atkins.

■ During the introduction of evidence in behalf of defendant, the commonwealth was permitted to recall the defendant and ask him how close he had gotten to Workman during the fight, and he replied twelve or fifteen feet. A doctor was then introduced who testified that Workman's clothing was powder burned. Also, after the conclusion of the defendant's evidence the commonwealth offered as a witness a surgeon at the hospital where the wounded man had been taken. Upon objection to his testifying, the commonwealth's attorney avowed that he did not know until he had closed the case in chief for the commonwealth as to what the evidence of this witness might be concerning the matters about which he was to be asked. The court also admitted at the same time evidence respecting powder burns on the body and permitted the introduction of clothing of the wounded man as an exhibit.

The action of the court in overruling the defendant's objection to this evidence is made a ground upon which a reversal is asked, because section 224 of the Criminal Code of Practice provides that only rebutting evidence may be introduced after the defense has presented its evidence. The Code also provides that other evidence may be introduced if it appears necessary in furtherance of justice. The restriction as to the time for the introduction of evidence by the prosecution is directory, and its administration or application is within the discretion of the trial court. To be available as a ground for reversal of a judgment, it must appear that there has been an abuse of that discretion and that the substantial rights of the accused were prejudicially affected by the commonwealth having gained an undue advantage. Sullivan v. Commonwealth, 169 Ky. 797, 185 S. W. 134; Castle v. Commonwealth, 228 Ky. 151, 14 S. W. (2d) 387; Howard v. Commonwealth, 227 Ky. 142. 12 S. W. (2d) 324; Logan v. Commonwealth, 236 Ky. 329, 33 S. W. (2d) 25; Newsome v. Commonwealth, 236 Ky. 344, 33 S. W. (2d) 36.

We do not regard the action of the trial court in this instance to have been either an abuse of discretion or prejudicial to the substantial rights of the accused.

The defendant was accorded a fair trial and the jury had an abundance of evidence upon which to base its verdict.

The judgment is affirmed.