## Ray v. Commonwealth.

(Decided Feb. 8, 1938.)

R. L. POPE and GEORGE R. POPE for appellant.

HUBERT MEREDITH, Attorney General, and J. M. CAMPBELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

Damon Ray appeals from a judgment of conviction of the killing of Lewis Stepp one evening in April, 1937, at Black Star, Harlan county. These two young men and Hobert (Obe) Helton, and for a while a fourth, had been driving about all afternoon. The evidence is in irreconcilable conflict as to who was the drunkest. The defendant has insisted that he was entirely sober since he had drunk only a half pint of whisky during the afternoon. As darkness came on, their bantering and playing with one another developed into anger. When the group had gotten under the shed of Berle Parker's saloon, the appellant, Ray, shot Helton twice and then went inside. He denies the testimony of the Commonwealth's witnesses that Stepp had gone in first, and claims that Stepp came after him and was reaching for a pistol when he shot Stepp twice and killed him instantly. According to the evidence presented by the Commonwealth, the killing was without excuse or justification. According to the evidence of the defendant, it was a clear case of self-defense.

The appellant submits that he was grossly mistreated by both of the men he killed, and also by the jury in that its verdict sentencing him to fifteen years in the penitentiary is entirely too severe, and shows the verdict to have been the result of passion and prejudice. When a verdict is within the maximum penalty prescribed by the statute, this court will not set it aside as excessive. Colvin v. Commonwealth, 247 Ky. 480, 57 S. W. (2d) 487. Under the evidence presented by the Commonwealth, the jury might well have returned

a verdict for the maximum for manslaughter of twenty-one years' imprisonment, or even for murder.

After the first witness had related the circumstances, including the killing of Helton—which was over the defendant's objection—the court gave this admonition to the jury:

> "This man is indicted in this case for killing the deceased, Lewis Stepp, and I am permitting this evidence to go to you about these previous transactions and about the killing of Helton because the two killings were so interlocked and close together that it is practically impossible to separate them, and the evidence that you hear here and have heard here from this witness, particularly from the defendant's side, shows that the two are interwoven. You are not to receive that particularly for evidence of the killing of Helton, but rather to throw light on the whole transaction and what brought about the killing of Stepp."

After having read the instructions, the court again admonished the jury that they were trying the defendant only for the killing of Lewis Stepp, and that the evidence concerning the killing of Helton had been admitted because it was so closely related and interwoven that it could not be separated; that it was admitted for the "purpose of throwing whatever light it might throw about what might have happened before Lewis Stepp was killed, and on the case on trial if in your judgment it does throw light on that case." The appellant contends that it was error to admit the details of the killing of Helton under the well-established rule that a man is to be tried for one offense at a time. There was a joint fight, and, according to the defendant, he was being pursued and attacked by both men. The shooting of Stepp came as quick as he and the defendant could walk a few feet inside the saloon from the porch. There was only a very brief interval. We concur in the trial court's conclusion that the killing of Helton was so interwoven with that of Stepp that it would have been impossible to have presented all the facts without bringing it in. While some of the testimony pertaining to the condition of Helton's body, his wound, and perhaps other details might well have been excluded,

its admission cannot be regarded as prejudicial. Jordan v. Commonwealth, 240 Ky. 391, 42 S. W. (2d) 509; Warner v. Commonwealth, 255 Ky. 361, 74 S. W. (2d) 201; Deboe v. Commonwealth, 257 Ky. 792, 79 S. W. (2d) 236.

Criticism is made of the language of the court's admonition, it being argued that the form should have followed that approved in McQueen v. Commonwealth, 196 Ky. 277, 244 S. W. 681. The evidence in that case concerning a collateral offense was admitted to show motive, and the court properly admonished the jury that it was for no other purpose and was not to be considered as substantive evidence against the defendant. The evidence concerning the killing of Helton is different. It was substantive evidence relating to the killing of Stepp, and we think the court's admonition properly took care of the situation.

The defendant was permitted to testify that he believed at the time if he had not shot Helton he would have been killed himself; but when his counsel asked what he believed at the time he shot Stepp, the court sustained the objection of the Commonwealth. However, he testified as to all conditions and acts of Stepp and that he shot to keep Stepp from shooting him and for no other purpose. It is the general rule that a defendant may testify as to his belief that his life was in danger when an overt act by the deceased has been shown and there existed reasonable cause for such a belief. 30 C. J. 243. The court should have permitted the defendant to answer the question, but his failure in this isolated instance, when considered with his other full testimony, cannot be considered as prejudicial. In any event, there is no avowal as to what the defendant as a witness would have stated had he been permitted to answer, and in such a case he is not in position to question the ruling of the court. Huff v. Commonwealth, 248 Ky. 700, 59 S. W. (2d) 985.

During the course of the argument, the Commonwealth's attorney referred to the presence of the defendant's wife and four children as an effort to obtain the sympathy of the jury, and then stated:

"Damon Ray, you have made two widows and twelve little orphan children to work for them-

selves to make a living by their uneducated hands over the wash tub."

The argument was improper, although perhaps provoked by defense counsel. The court sustained an objection but did not admonish the jury to disregard it. The defendant made no motion or request of the court that he should do so, thereby waiving an admonition. Under these circumstances this does not afford a ground for reversal of the judgment.

There are several other grounds submitted as requiring a reversal of the judgment, but we find them without merit.

The judgment is affirmed.