## Kemp v. Commonwealth.

November 10, 1950.

Ray C. Lewis, Judge.

Lyttle & White and John D. White for appellant.

A. E. Funk, Attorney General and John B. Browning, Assistant Attorney General, for appellee.

JUDGE CAMMACK—Affirming.

This appeal is from a judgment sentencing Troy Kemp to two years in prison for carrying concealed a deadly weapon. Reversal is urged upon the ground that there was not sufficient evidence to warrant the submission of the case to the jury without the evidence concerning an assault and battery upon a complaining witness.

It is true that, without the testimony of Mary Thompson, with whom Kemp had been keeping company, there would not have been sufficient evidence to warrant the submission of the case to the jury. Mary Thompson said she and two other persons were sitting in the cab of a truck when Kemp walked up and slapped her. He then took her sister's baby from her and put it in her sister's lap. He slapped her again before pulling her out of the truck. She did not see Kemp with a pistol when she got out of the truck, but when she turned around she saw it. After she got down to the railroad track Kemp hit her with the pistol. The other persons in the truck did not see a pistol, but they did say that Mary's face was bruised when she came back to the truck. Kemp admitted slapping Mary Thompson, but denied being armed or that he owned a pistol. Mary received medical treatment for her bruise.

Kemp contends vigorously that it was error to admit the testimony relating to the assault and battery. As said in Jones v. Commonwealth, 303 Ky. 666, 198 S. W. 2d 969, it is a fundamental rule of evidence that testimony of other offenses by a defendant is not admissible unless it comes within certain well established exceptions to the rule. One of those exceptions is that evidence of another and distinct offense is admissible if it was committed as part of the same transaction and formed part of the res gestae, or where it is so

closely connected with the one for which the defendant is being tried as to be inseparable therefrom. Jordan v. Commonwealth, 240 Ky. 391, 42 S. W. 2d 509.

In the case before us the evidence relating to the assault and the carrying of the concealed weapon was so closely connected that it would have been very difficult to have treated separately the two offenses. In brief, the prosecuting witness said Kemp first assaulted her with his open hand and then struck her with a pistol after he had pulled her out of the truck. Her story was that she did not see the pistol until after she had left the truck.

Judgment affirmed.