Alfred **SENIBALDI**, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

Sept. 30, 1960.

Daniel W. Davies, Newport, for appellant.

John B. Breckinridge, Atty. Gen., Ray Corns, Asst. Atty. Gen., for appellee.

PALMORE, Judge.

The appellant, Alfred Senibaldi, was separately tried, convicted and sentenced to five years' imprisonment under an indictment jointly accusing him and two confederates, Joseph Lopez and John Perecinsky, of grand larceny in the stealing of two suits of clothing from a department store.

The actual taking of the clothes was committed by Lopez, and the case was practiced on the theory that Senibaldi and Perecinsky were accomplices, either as aiders and abettors or as co-conspirators. The three men had been in and out of the store at least four times within an hour and a half before the theft, and their actions from time to time in conferring with one another and then dispersing to separate areas of the floor had so aroused the suspicions of some of the employees that the police had been called. At one point Senibaldi had been observed to pick up a sweater and walk two or three feet away from the counter. He turned around and the cashier was looking at him, whereupon he put the sweater back on the counter. He did, however, at some time during this course of events purchase a sport shirt. Lopez also made a purchase, a pair of slacks, which required tailoring before they could be picked up. Some time afterward Lopez came into the store alone and asked the clerk if the pants were ready. On being advised that they were not, he indicated that he would wait for them. Meanwhile, detectives had arrived and, watching from the balcony, they saw Lopez take two suits from a rack, stuff them under his belt and button his coat over them. He was arrested leaving the store in this overstuffed condition. Senibaldi and Perecinsky, loitering outside in the vicinity of the store, were quickly apprehended and identified by the store personnel. It was noticed that both Lopez and Senibaldi were wearing trousers several inches too large in the waist.

Lopez, Senibaldi, and Perecinsky gave their respective home addresses as Newark, N. J., Cleveland, Ohio, and Chicago, Ill. According to one of the officers, while the three men were together in the store under arrest "they said knew each other." Another officer testified that while they were together at the police station being fingerprinted Perecinsky said they had "come down" the day before, and that he had ridden down with Senibaldi and Lopez. On this occasion Senibaldi admitted that they had come from Cleveland in a car driven by himself and which he later identified, to his bondsman, as belonging to his sister. It was further proved that following their

release on bond Lopez and Senibaldi accompanied the bondsman in obtaining the release of the car from police custody at a local garage. The garageman testified that two other men were with Senibaldi when he signed the release form.

■ We think the evidence thus recited was sufficient to support the conviction of Senibaldi as an accomplice of Lopez. It is true, of course, that mere association, though it may create a suspicion, is not enough to prove criminal concert, Guinn v. Com., Ky.1960, 331 S.W.2d 886, but in this case Senibaldi's actions, standing unexplained and considered alongside his connection with Lopez, can scarcely be regarded as normal, natural, or consistent with innocence. "While a conspiracy cannot be established by suspicion nor by evidence showing relations and associations between the parties which are natural and reasonable, a conspiracy may be shown by circumstances from which the jury may infer its existence." Tyree v. Com., 1934, 253 Ky. 823, 70 S.W.2d 930. The motion for a directed verdict of acquittal was properly overruled.

■■ During the trial and on this appeal the appellant has strongly insisted that the evidence associating Lopez and Senibaldi together in securing the release of Senibaldi's automobile was incompetent and prejudicial. This particular objection was preserved by timely motions to discharge the jury, and it is based on the familiar rule that acts and statements of a co-conspirator after the object of the alleged conspiracy has been completed are inadmissible. See Hart v. Com., Ky.1956, 296 S.W.2d 212, 214; Roberson's New Kentucky Criminal Law and Procedure, § 229, p. 332; and cases collected under Criminal Law, ■ West's Kentucky Digest. The argument is untenable for several reasons. In the first place, whatever probative force the evidence had, if any, lay not in the act of Lopez in accompanying Senibaldi, but in the action of Senibaldi himself in permit-

ting it. If he takes the position that he was not associated with Lopez prior to and during the commission of the crime, his voluntary association with him thereafter, if relevant, would be in the nature of an admission by the accused himself rather than an admission by the co-conspirator. Moreover, there is an exception to the rule against post-factum statements and conduct of co-conspirators where they occur in the presence of the accused under such circumstances that his failure to deny reasonably implies an admission. Cf. Bowlin v. Com., 1922, 195 Ky. 600, 242 S.W. 604; 22 C.J.S. Criminal Law § 769, p. 1314.

■ We are inclined to think that the evidence of Lopez's presence when Senibaldi reclaimed his car had no probative value and should not have been admitted. But by the same token it was harmless. Whatever it may have tended to prove was merely cumulative and of far less effect than the evidence of statements made by the various parties immediately following their arrest.

■ The instructions are attacked because they authorized a conviction if Senibaldi, together with Lopez and Perecinsky or *either of them,* conspired to and did commit the crime. The form is awkward, and if literally applied would permit a conviction if only Senibaldi and Perecinsky were involved, whereas the proof is that Lopez necessarily was a party and Perecinsky possibly may not have been. But the jury could not have been misled. If Senibaldi and Perecinsky committed the crime they could only have done it through Lopez as their agent. We cannot assume that the jurors had no common sense at all. Though the form of the instruction was erroneous, the error was harmless. See Thomas v. Com., 1936, 262 Ky. 687, 91 S.W.2d 50, 51; Abbott v. Com., 1947, 305 Ky. 620, 205 S.W.2d 348, 350; Mahan v. Com., Ky.1955, 286 S.W.2d 93, 95.

We come now to the most serious aspect of this appeal.

■ Immediately following the arrest of Lopez, Senibaldi, and Perecinsky, all of whom at first denied having an automobile, some of the attending police officers scouted the neighborhood of the department store for "out of town" automobiles. They discovered such a car parked on a nearby street with the keys in the ignition switch. They searched it and found in the trunk six more new suits stolen from the same store. This was the automobile owned by Senebaldi's sister and used by Senibaldi, Lopez, and Perecinsky in coming from Cleveland to Newport. The search was conducted without a warrant, without Senibaldi's consent, and outside his presence. Thus it was an illegal search. Com. v. Lewis, 1949, 309 Ky. 276, 217 S.W.2d 625.

■ After hearing in chambers the evidence as to the search and seizure the trial court properly sustained appellant's objection, and it was not heard by the jury. However, it is asserted in appellant's motion for a new trial, and in his oral motion to discharge the jury made at the close of the Commonwealth's case, that the Commonwealth's Attorney gave the information in his opening statement to the jury. In the motion for new trial it is further alleged that immediately after the opening statement the six suits found in the car were hung on a rack and displayed in the presence of the jury until the trial court ruled the evidence of the search inadmissible. It may be assumed without argument that all of this was prejudicial. The question here is whether appellant took proper and timely actions to assert and preserve his objections. We have concluded that he did not.

■ While there is one notation in the transcript of testimony, inserted at the instance of the Commonwealth, to the effect that after the ruling of the court on the search "the suits were segregated from the ones which were found upon the person of Lopez," this reference is meaningless unless taken in connection with the motion and grounds for new trial. Improper conduct of counsel cannot be considered on appeal unless it has been authenticated by the trial court in the bill of exceptions. A recitation of it in the motion and grounds for new trial does not cure the omission, because the inclusion of the motion in the bill of exceptions is merely a certification that the motion was made, not that the facts stated in it are true. Roberson's New Kentucky Criminal Law and Procedure, § 1943, p. 2080; Nelson v. Com., 1944, 297 Ky. 189, 179 S.W.2d 445; Coe v. Com., 1945, 299 Ky. 360, 185 S.W.2d 533. The same logic applies to the contents, as such, of any other motion made during the course of the proceeding. It follows in this case that when the factual contents of the motions are disregarded there is nothing left in the bill of exceptions to show the misconduct of which complaint is made and, therefore, nothing for this court to review in that respect.

■ A further defect in preserving the error for review is that appellant did not take timely and appropriate action to assert it. If the suits were brought into view of the jury before there was a witness on the stand to identify them, ordinary professional diligence should have prompted counsel to insist immediately on their removal, with a proper admonition to the jury, or, if he thought the prejudice sufficiently great, to move the discharge of the jury. If the Commonwealth's Attorney recited evidence that defense counsel had no reason at the time to suspect might later be held incompetent and therefore be excluded, it was incumbent on defense counsel, as soon as the court ruled on the evidence, to move for a mistrial and see that the prejudicial content of the opening statement, as well as a statement covering the display of the suits, was included in the bill of exceptions. No such motions were made, either at the time the suits are alleged to have been put on display or at the time the court made its ruling on the evidence obtained by the illegal search and seizure, and, as we have explained in the

previous paragraph, the facts were never made a part of the bill of exceptions. The only motions for mistrial were made (1) following admission of the evidence as to Senibaldi's being accompanied by Lopez when he went to the garage to reclaim his car and (2) at the close of the Commonwealth's case, and the last of these, being the only one based in any way on the prejudicial actions of the Commonwealth's Attorney, was too late. Following a favorable ruling on an objection the defendant waives his right to an admonition or a discharge of the jury by not promptly asking for it (Cf. Byrd v. Com., Ky.1955, 283 S. W.2d 191; Ray v. Com., 1938, 272 Ky. 34, 113 S.W.2d 851; Couch v. Com., 1940, 281 Ky. 543, 136 S.W.2d 781), except in cases where he does not know until the close of the Commonwealth's case that the prejudicial matter cannot or will not be made competent (Rowe v. Com., Ky.1954, 269 S.W.2d 247, 249).

There being no substantial error of which this court can take cognizance, the judgment is affirmed.