John PERECINSKY, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 21, 1960.

Rehearing Denied Dec. 16, 1960.

Daniel W. Davies, Newport, Ky., for appellant.

John B. Breckinridge, Atty. Gen., Wayne J. Carroll, Asst. Atty. Gen., for appellee.

PALMORE, Judge.

The appellant, John Perecinsky, was separately tried, convicted and sentenced to five years' imprisonment under an indictment jointly accusing him and two confederates, Joseph Lopez and Alfred Senibaldi, of grand larceny in the stealing of two

suits from a department store in Newport, Ky. Senibaldi had been previously tried and convicted, and the circumstances of the case are fully set out in the opinion of this court in Senibaldi v. Com., Ky.1960, 338 S.W.2d 915 (rendered Sept. 30, 1960).

The evidence connecting Perecinsky with the theft, actually committed by Lopez alone, was almost the same as introduced against Senibaldi. The three men had been in and out of the store at least four times shortly before the suits were taken, and their actions in conferring with one another and then separating to different areas of the store (at one stage, for example, Perecinsky and Senibaldi secured the attention of the suit salesman by engaging him in conversation while Lopez was browsing around elsewhere in the store) had aroused the suspicions of the employees, who called the police. The police caught Lopez leaving the store with two new suits (hangers and all) stuffed under his belt. Senibaldi and Perecinsky were found and arrested in the vicinity of the store shortly thereafter. All three men were observed to be wearing trousers too large in the waist. Perecinsky at once admitted that he was with Lopez and Senibaldi and on the next day informed the police authorities that they had all come down to Newport from Cleveland, Ohio, in Senibaldi's sister's automobile.

■ As may be inferred from what was said in the Senibaldi case, we are of the opinion that the foregoing evidence supports the conviction of Perecinsky as an accomplice. Again in this case the same further points are raised as were discussed in the Senibaldi case, with the exception that here there is no contention that the fruits of the illegal search of Senibaldi's car were displayed to the jury or mentioned by the Commonwealth's Attorney. For the same reasons, therefore, as expressed in the Senibaldi case, we find no prejudicial error in the admission of evidence or in the instructions.

■ It will be recalled that during the trial of Senibaldi the court properly refused to permit the Commonwealth to show the recovery of six more stolen suits from Senibaldi's automobile pursuant to a search made without his consent, outside his presence, and without a warrant. The same ruling was made during the trial of the instant case. However, the following testimony was given by one of the detectives:

"Q. What was done with the car when it was taken in custody?

"A. It was taken to police headquarters where we removed all the suits that were in the automobile."

Defense counsel immediately objected and moved that the jury be discharged. The court sustained the objection and admonished the jury as follows:

"It was taken to police headquarters, period. That is the answer that is admissible. The jury is admonished to disregard the other part of the answer, 'where we removed all the suits that were in the automobile.' That is not to be considered as legal evidence in this case."

■ Under the circumstances of the case the conduct of this witness, who knew the evidence as to the other suits had been ruled inadmissible at Senibaldi's trial, was flagrantly improper and in contempt of court. The evidence of conspiracy is always intangible and often extremely tenuous, as it was in this case (excluding the results of the search). Where the question of guilt or innocence hangs on a thread the effect of any improper information imparted to the jury is more likely to be prejudicial than it is where the Commonwealth has made a strong case otherwise. Through this illicitly volunteered information the jury learned that the police had recovered other suits from the Senibaldi car. If they had theretofore entertained any doubt about the existence of a conspiracy, that was enough to settle it, and no admonition by the court could assuage the prejudice. Perecinsky was entitled to a fair trial, and he was deprived of it by the

misconduct of the witness. The court erred in failing to discharge the jury and continue the case.

The judgment is reversed with directions that the appellant be granted a new trial.