Stanley C. BRAWNER, Jr., and Roy F. *Teague*, Appellants,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 3, 1961.

Rehearing Denied April 21, 1961.

Moore & Morrow, Carroll Morrow, Madisonville, for appellants.

John B. Breckinridge, Atty. Gen., Troy D. Savage, Asst. Atty. Gen., for appellee.

WILLIAMS, Judge.

Stanley C. Brawner, Jr., and Roy F. Teague appeal from a judgment of the Hopkins Circuit Court where they were tried and convicted of armed robbery of a filling station located at Hanson, Kentucky and punishment was fixed at imprisonment for life.

The Commonwealth proved by witnesses testifying in chief that the service station located in Hanson, Kentucky, was robbed on the night of August 20, 1959. On the same night, within approximately one hour's time, two other service stations in the same general vicinity, one in Henderson, Kentucky, and one in Sebree, Kentucky, were robbed in the same manner. The attendants from each of the three service stations identified one or both of these appellants as being the men who participated in the particular robberies.

The appellants' defense was they were not in that vicinity at the time the robberies took place, but were in Nortonville, some distance away. To corroborate their testimony appellants introduced a witness who stated unequivocally that at or about the time the robberies were being committed the appellants were in his service station in Nortonville.

After the defense rested the Commonwealth recalled two police officers who had previously testified in chief and proved that one of the appellants had handled a glass dish in the service station in Henderson at the time of that robbery, and that during the course of the trial the fingerprints on that glass dish were compared with the known fingerprints of one of the appellants. The Commonwealth then introduced a witness who was a detective from the city of Evansville, Indiana and qualified him as an expert on reading fingerprints. That witness testified that he had made photographs of a latent print found on the glass dish and compared that print with the known print of appellant Roy F. Teague and stated that in his opinion the two were the same.

Defense counsel objected to the introduction of testimony pertaining to the fingerprint found on the glass dish on the ground that it was not rebuttal evidence but rather was substantive evidence that properly should have been introduced in chief. At the conclusion of the Commonwealth's testimony defense counsel moved the court to set aside the swearing of the jury and for a continuance or for a recess to allow time to examine the fingerprints introduced in evidence. Both motions were overruled by the trial court, and upon those two grounds this appeal is prosecuted.

■■ Section 224 of the Criminal Code of Practice provides that, after the defendant has offered his evidence in support of his defense, the parties may offer rebutting testimony only, unless the court, for good reason in furtherance of justice, permit them to offer evidence upon their original case. That section has been held to be directory, but the Commonwealth may not deliberately withhold substantive evidence and introduce it in rebuttal in order to get an advantage to which it is not entitled and thereby prejudice the rights of the defendant. Jordan v. Commonwealth, 240 Ky. 391, 42 S.W.2d 509; Lucas v. Commonwealth, 302 Ky. 512, 195 S.W.2d 90; Grigsby v. Commonwealth, 303 Ky. 614, 198 S.W.2d 659. Ordinarily, the admission of testimony in rebuttal which regularly belongs to the prosecution's case in chief is a matter within the sound discretion of the court. If justice requires it then it may be admitted. Whether the evidence offered is such that justice requires must be determined by considering it in relation to the other evidence and to the facts. McIntosh v. Commonwealth, 300 Ky. 799, 190 S.W.2d 477; Howard v. Commonwealth, 304 Ky. 149, 200 S.W.2d 148.

■ The Commonwealth proved that three separate robberies had taken place within the same general area during the same general time and in substantially the same manner. The identity of each of the appellants had been established by their participation in each of the robberies, which is permissible. Jenkins v. Commonwealth, 167 Ky. 544, 180 S.W. 961, 3 A.L.R. 1522.

■■ To counter that testimony the appellants introduced proof in the nature of an alibi which, if established, would have placed them at the time in a place where it would have been impossible for them to have committed the robbery. It became incumbent upon the Commonwealth as a consequence to discredit and to rebut the testimony offered by appellants. Up to this point it had been unnecessary for the Commonwealth to introduce any further proof as to the identity of appellants because identity seemingly had been established. However, after appellants introduced proof showing they were in another locality, it became entirely proper for the Commonwealth to introduce further proof which

would discredit and rebut their alibi. Although the fingerprint testimony might possibly have been competent in chief, as tending to more definitely establish the identity of the appellants, it most assuredly was competent as rebuttal. The purpose and effect of its introduction as rebuttal testimony is not so much to identify the appellants as to establish the fact that they were in the vicinity at the time they claimed to be somewhere else. In other words, the purpose of the testimony is primarily to rebut and disprove the alibi theory advanced by the appellants. It appeared to the trial court that justice demanded its admission in rebuttal, and we do not believe he abused his discretion in admitting it as such.

Appellants claim there was surprise by the testimony of the witness who qualified as an expert comparing the fingerprints. Somewhat elaborate testimony was garnered from this witness, including exhibition of enlarged photographs of the fingerprints involved. It is well recognized that reading and comparison of fingerprints requires technical skill not possessed by the ordinary witness. However, it is also true that any expert testimony is produced because of the specialized knowledge possessed by the witness. A continuance or recess should not be granted the opposing side each time an expert witness testifies on the ground that it will take time to produce a counterexpert. It should always be anticipated that the opposing party intends to prove his case with whatever means are available. In Evans v. Commonwealth, 230 Ky. 411, 19 S.W.2d 1091, 66 A.L.R. 360, this Court said that a litigant need never be surprised when his adversary proves his case. There a ballistics expert was called to testify and this Court said the accused could not claim surprise merely because the Commonwealth proved its case by an expert of whose ability and qualifications the accused was ignorant. Here counsel for appellants, after having been denied the motion for a continuance, did an excellent job on cross-examination of the witness.

The trial court in refusing to grant a continuance or recess did not abuse his discretion under the circumstances.

The judgment is affirmed.

MONTGOMERY, J., dissenting.