Cecil CLEMENTS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Nov. 20, 1964.

**300**

Cabell D. Francis, Stanford, for appellant.

Robert F. Matthews, Atty. Gen., George F. Rabe, Asst. Atty. Gen., Frankfort, H. Myer Garner, County Atty., Liberty, Paul Carter, Commonwealth's Atty., Tompkinsville, for appellee.

STEWART, Judge.

This is an appeal from a judgment sentencing Cecil Clements to two years in the penitentiary upon a jury verdict finding him guilty of incest. See KRS 436.060.

Two questions are raised: (1) Was there sufficient evidence to sustain the verdict? (2) Does a certain portion of the testimony of a witness for the Commonwealth, noted in detail hereinafter, constitute a reversible error?

The prosecutrix, a 35-year-old daughter of appellant, testified that on the 26th or 27th of October, 1953, appellant came to her bed early in the morning four different times and attempted to have sexual intercourse with her. At the time of these visits, she stated, her mother had already gotten up and gone to the kitchen to fix breakfast. According to her testimony, on three of these trips to her bed she was able to "beg him to leave me alone," but that "the last time, I didn't get away from him." She said on that occasion he beat her in the face, held her and forcibly had relations with her. She was then 25 years of age and her father was 49.

She testified she cried out for her mother and, when the latter came to the door, she was told what appellant had done. She said her mother walked to the bed and asked her father why he was so "sorry and low down" to treat a child of his "that way." Her father replied, "She told a lie, I didn't touch her."

The prosecutrix was married within a short time after the alleged offense was committed, and she testified it was not until 1962 that she divulged to her husband or to any other person what had occurred. She said the reason for her silence about the matter was that her father had threatened to kill her if she "told it." He had often beat her while she lived with him, which made her afraid of him.

Appellant made a sweeping denial of all the testimony of the prosecutrix. A sister who slept in the same room and a brother whose bed was a couch in an adjoining room testified they never witnessed any misconduct upon the part of appellant toward the prosecutrix. Carrie Clements, wife of appellant and mother of the prosecutrix, never saw an act of sexual intercourse between appellant and his daughter, but stated that her daughter had complained to her of such an act in 1953 when it allegedly occurred.

Although the testimony of the prosecutrix is definite that appellant, along about the time mentioned above, had sexual intercourse with her in her bed at their home, appellant undertakes to show that, according to certain correspondence between her

and her mother, the daughter makes it appear uncertain that the offense was ever perpetrated. While the letters exchanged between the daughter and the mother, standing alone, perhaps cannot be said to establish definitely that the father is guilty, her positive testimony does tend to show the incident occurred.

It is also argued that the act of incest could not have taken place in a four-room house with no inside doors (such was the habitation where it supposedly happened) without the knowledge of the other occupants, three in number. We have been unable to find any substantial evidence in the record that anyone else was present besides the father and daughter at the time the act of incest was said to have taken place, aside from the mother who was in the kitchen preparing breakfast.

 It is settled beyond cavil in this jurisdiction that the uncorroborated testimony of the prosecuting witness is sufficient to sustain a conviction of incest. See Browning v. Commonwealth, Ky., 351 S.W. 2d 499; Salyers v. Commonwealth, Ky., 255 S.W.2d 605. However, some corroboration, although not required in this state, exists as to the testimony of the prosecuting witness. It appears both from her testimony and from that of her mother that she made complaint when the offense occurred, although her father denied he molested her.

Under the evidence presented, which has been shown to be conflicting, it was proper for the jury to determine the guilt or innocence of appellant. They had a right to believe the testimony of the prosecutrix and by like token to disbelieve that of appellant and his witnesses. Nor can we say the evidence does not support the verdict.

The hearsay evidence of which appellant complains was brought out by his counsel on cross-examination of Etheridge Strong, the husband of the alleged victim. The latter testified he went to see the invalid brother of the prosecutrix, who was in

an institution, in January, 1962. We recite the portion of the testimony claimed to be prejudicial.

"A I went there and seen him, and he held his hand to God and told me Cecil Clements raped his sister. He said, 'I won't lie to you Etheridge, I got my neck broke.'

"14 You are testifying about another fellow?

"A No, his boy is the one that told me about this. I went and seen him last January.

"15 He isn't here, is he?

"A He can't be here. He told me he would write an affidavit on that.

"Objection

"By the Court: The jury will not consider that."

As the transcript shows, upon appellant's objection, the court promptly and without request therefor, admonished the jury not to consider the evidence to which the objection was interposed, even though it resulted from questioning upon the part of appellant's own counsel. There was no motion to strike, no motion for an admonition, and no motion to discharge the jury.

 The law is well settled that a defendant waives his right to an admonition or a discharge of the jury by not promptly asking for it. See Senibaldi v. Commonwealth, Ky., 338 S.W.2d 915. In the case of Hendrickson v. Commonwealth, 232 Ky. 691, 24 S.W.2d 564, this Court stated:

"It is always difficult to restrain witnesses from giving hearsay testimony. Ordinarily, the exclusion of the evidence, though repeated, followed by an admonition not to consider it, will be sufficient to protect the rights of the accused. If in the opinion of counsel this is not sufficient to remove the effect of the evidence, or the witness persists in making statements that have

been excluded, he should ask that the swearing of the jury be set aside. If he fails to do this, the judgment will not be reversed on the ground mentioned unless the circumstances are exceptional * * *."

To the same effect is Daniels v. Commonwealth, 181 Ky. 392, 205 S.W. 402.

Under the circumstances, which are not exceptional here, the admonition of the trial court to the jury cured any substantial prejudice to appellant from the incompetent evidence, and, if not, he certainly waived any right to a discharge of the jury by failing to request it and by thereafter proceeding with the trial.

Wherefore, the judgment is affirmed.