James **HUMPHREY**, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

June 27, 1969.

William E. Allender, Bowling Green, for appellant.

John Breckinridge, Atty. Gen., David Murrell, Asst. Atty. Gen., Frankfort, for appellee.

CULLEN, Commissioner.

James Humphrey appeals from a judgment of the Warren Circuit Court sentencing him to a term of three years in the penitentiary pursuant to his conviction of the offense of possession of burglary tools, KRS 433.120.

The alleged tools consisted of three vending-machine keys found in Humphrey's pocket upon a search incident to his arrest on a traffic charge in Warren County. His first ground of appeal is that the trial court erred in admitting the keys in evidence, because the arrest was not valid and the search accordingly was illegal. The same ground was raised by Humphrey on an appeal by him and a companion, John Thurman Johnson, from a judgment of the Hart Circuit Court convicting them of grand larceny, on a charge that they had opened vending machines at two filling stations in Hart County and stolen money therefrom. On the trial of that charge the keys found on the search of Humphrey, above referred to, were introduced in evidence. On the appeal of the latter case this court has decided that the search was not illegal and the keys properly were admissible in evidence. Johnson et al. v. Commonwealth, Ky., 443 S.W.2d 20 (decided June 27, 1969). That decision is controlling here.

Humphrey claims error also in the asking by the Commonwealth's attorney of two questions having a relation to the burglarizing of the vending machines in Hart County.

After Humphrey and Johnson (in Johnson's wife's car) had been arrested on the traffic charge, their persons had been searched, and they had been taken to jail, a search warrant was obtained for the car. Upon the search 273 vending-machine keys and $318.35 in change were found in the car. On Humphrey's trial (the one here in issue) he moved to suppress the evidence found on the search on the ground that the affidavit for the search warrant was defective. The court initially reserved a ruling. However, the Commonwealth's attorney stated that he would give warning when he was going to offer the keys and money in evidence and would not reveal to the jury in any way what this evidence was before the court had an opportunity to rule on the motion to suppress as to the particular items offered.

Subsequently, upon the trial, the Commonwealth's attorney, after having questioned one of the filling-station owners as to the burglary and the taking of the money, asked the witness, "Did you see that money again?" and the witness answered, "I seen some money that night." An objection by the defendant was overruled. No motion was made for an admonition or for a mistrial. Later, the Commonwealth's attorney, after having brought out on examination of a detective witness that a search warrant had been obtained for the car, asked the witness, "What did you find in the automobile?" An objection to that question was sustained and the question was not answered. Again there was no motion for an admonition or a mistrial. The trial court thereafter sustained the original motion to suppress the evidence found on the search of the car, and there was no further reference to it.

■ Humphrey argues that the asking of the questions was prejudicial as being calculated indirectly to put in the minds of the jury the thought that something of an incriminating nature had been found in the car. We are not so persuaded. As concerns the first question, the simple "Yes" or "No" answer that it called for would not reasonably have been suggestive one way or the other of the money's having been found in the defendant's possession. It was a proper question to establish whether the witness had been deprived permanently of the possession of the money. If there was any harm to the defendant it was by reason of the unresponsive answer. For the court to sustain the defendant's simple objection to the answer would have been of no avail. The only effective remedy would have been an admonition or a discharge of the jury. The defendant did not ask for either of those remedies, so he is in no position to complain. Clements v. Commonwealth, Ky., 384 S.W.2d 299.

■ As concerns the second question, it is to be observed that the court sustained the defendant's objection. If the defendant thought that this was not a sufficient remedy, it was incumbent upon him to ask for an admonition or a mistrial. Senibaldi v. Commonwealth, Ky., 338 S.W.2d 915.

Humphrey's final contention is that the evidence was insufficient to sustain the conviction. This is on the theory that there was no showing that he possessed the three vending-machine keys with the intent to use them to burglarize vending machines.

■ There was evidence connecting Humphrey with the burglary of the vending machines at the two filling stations in Hart County. However, those machines were Coca-Cola machines whereas the three keys found in Humphrey's pocket were for cigarette machines. We think the latter fact is of no particular significance. The evidence warranted a finding that Humphrey had burglarized certain kinds of vending machines, using a key. He had keys for other kinds of vending machines in his possession. We think a reasonable inference could be drawn that the latter keys were possessed with a burglarious intent; certainly in the absence of any explanation by Humphrey of a legitimate purpose for his possessing them.

The judgment is affirmed.

All concur.