John Sam **ROBINSON, Jr.,** Appellant,

v.

**COMMONWEALTH of Kentucky,** Appellee.

Court of Appeals of Kentucky.

Feb. 2, 1973.

John W. Coomes, Coomes & Coomes, New Castle, for appellant.

Ed W. Hancock, Atty. Gen., John C. Ryan, Sp. Atty. Gen., Frankfort, for appellee.

OSBORNE, Justice.

Appellant was convicted in the Shelby Circuit Court and sentenced to three years' imprisonment for voluntary manslaughter. The proof established that appellant shot Bobby Peach either three or four times in appellant's home in the presence of his wife. Peach died in appellant's yard. The only witnesses to the shooting were appellant and his wife.

Shortly after the shooting both of them signed a statement in writing outlining the facts that transpired at the time.

Prior to trial, appellant made a motion under RCr 7.26 and RCr 7.24 requesting that he be permitted to see the statements. He did not insist on a ruling on this motion until the day of trial, at which time the trial court overruled the motion. Appellant now insists this was reversible error.

We are of the opinion the Commonwealth was not required to produce the statement under RCr 7.26 as that section only becomes applicable after the Commonwealth has called a witness to testify who has previously made such statement. Likewise, RCr 7.24 is not applicable to the statement made by his wife, as this section does not permit inspection of statements made by witnesses. This section is applicable to the confession made by the defendant and the court should, upon proper motion, require the Commonwealth to permit such inspection. However, here we do not believe there has been a showing that appellant was in any way prejudiced by the refusal of the court to permit the inspection. Appellant in his brief does not point out how he was prejudiced. We have examined the confession and it contains nothing materially different from that testified to by appellant upon the trial. Even though the ruling of the trial court may have been technically in error no prejudice has been shown.

Appellant further contends that he was entitled to a directed verdict as the only

proof of what transpired at the time of the shooting was that of himself and his wife and this conclusively shows that he shot in his own apparent self-defense. We are of the opinion that the jury could well have concluded from the testimony that no reasonable person could have believed under the facts that there was any apparent necessity for the killing. Certainly this was not a clear case of self-defense justifying a directed verdict. See Rose v. Commonwealth, Ky., 422 S.W.2d 130 (1967); Martin v. Commonwealth, Ky., 406 S.W.2d 843. We are of the opinion the instructions covered the issues in the case.

Judgment affirmed.

PALMORE, C. J., and MILLIKEN, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.